SUSANA ALCALA WOOD, City Attorney (SBN 156366)
**CHANCE L. TRIMM, Senior Deputy City Attorney (SBN 139982)**
CTrimm@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA  95814-2608
Telephone: (916) 808-5346
Facsimile: (916) 808-7455

Attorneys for Defendant
CITY OF SACRAMENTO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO HOMELESS UNION, a local of the CALIFORNIA HOMELESS UNION/STATEWIDE ORGANIZING COUNCIL, on behalf of itself and those it represents; BETTY RIOS; DONTA WILLIAMS; FALISHA SCOTT and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, a political subdivision of the State of California; CITY OF SACRAMENTO, a municipal corporation; and DOES 1 – 100,<br><br>Defendants. | Case No.:  2:22-cv-01095-TLN-KJN<br><br>**DEFENDANT CITY OF SACRAMENTO'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND OR REINSTATE PRELIMINARY INJUNCTION AGAINST DEFENDANT CITY OF SACRAMENTO AND FOR SANCTIONS; CITY OF SACRAMENTO'S REQUEST FOR HEARING** |

# I

# INTRODUCTION

Pursuant to a prior motion filed by plaintiffs, this Court previously issued a preliminary injunction on July 28, 2022, prohibiting the City from enforcing any provisions of its camping ordinance regarding homeless individuals in all public areas throughout the City for a period

1

of twenty-eight days until August 26, 2022. As the Court will recall, the sole basis of plaintiffs' prior motion for preliminary injunction was that due to anticipated extremely high temperatures in the City during the month of August, the City's enforcement of its camping ordinance in all public areas against homeless individuals could adversely impact the health of homeless individuals illegally camping in public areas throughout the City.

This Court's prior preliminary injunction expired on August 26, 2022. Plaintiffs now request the Court grant another preliminary injunction and/or reinstate the prior preliminary injunction preventing the City and City employees from enforcing the City's camping ordinance against homeless individuals for an additional thirty-day period until September 25, 2022. Based on this opposition, and the evidence submitted in support of the City's opposition, including the attached declarations of meteorologist Jan Null and numerous other City employees, the City respectfully requests that plaintiffs' request for an additional preliminary injunction for a thirty day time period until September 25, 2022 be denied.

Alternatively, assuming this Court grants plaintiffs' motion to extend the prior preliminary injunction until September 25, 2022, the City requests that specific areas and locations designated as "critical infrastructure" within the City be exempted from the court's order pursuant to the express provisions of Chapter 8.140 of the Sacramento City Code which is attached as **Exhibit 1** to the City's opposition, and pursuant to an ordinance passed by the City Council on August 23, 2022 which allowed removal of all tents that blocked sidewalks and business entrances in the City.

On February 20, 2020, the Sacramento City Council passed Resolution No. 2020-0009 which added Chapter 8.140 to the Sacramento City Code. Chapter 8.140 of the City Code identifies and designates certain locations within the City as "critical infrastructure." Pursuant to the express provisions of Section 8.140.020 of the City Code, "critical infrastructure may include, but is not limited to, government buildings, such as fire stations, police stations, jails, or courthouses; hospitals; structures, such as antennas, bridges, roads, train tracks, drainage systems, or levees; or systems, such as computer networks, public utilities, electrical wires, natural gas pipes, telecommunication centers, or water sources." Pursuant to Chapter

8.140.030 of the City Code, it is unlawful to camp, use camp paraphernalia, or store personal property at any of the following locations: 1. Critical infrastructure; 2. Within 25 feet of critical infrastructure; 3. Within 25 feet of a vehicular or pedestrian entrance or exit of critical infrastructure; 4. On those portions of a right-of-way that are required by local, state, or federal law to be free of obstruction to first responders, including, but not limited to members of law enforcement, fire prevention, or emergency-medical-services agencies; 5. Within a hollow sidewalk; or 6. Wildfire risk area.

In addition to requesting an additional 30-day period enjoining the City from enforcing the provisions of the camping ordinance against homeless individuals, plaintiffs also contend the City violated this Court's prior preliminary injunction by clearing homeless camps and conducting sweeps of homeless individuals. Although plaintiffs make this allegation, it is completed unsupported by the evidence submitted by plaintiffs in their moving papers. Contrary to plaintiffs' allegations, as set forth in more detail below, the City fully and completely complied with this Court's prior preliminary injunction in all respects. For these reasons and based on the evidence set forth in support of the City's opposition, the City respectfully requests that plaintiffs' request for sanctions against the City based on the City's alleged violation of this court's prior preliminary injunction also be denied.

For all the reasons set forth in more detail below, the Court is respectfully requested to deny plaintiffs' motion to extend and/or reinstate a preliminary injunction precluding the City for enforcing the provisions of the City's camping ordinance for an additional period of 30 days until September 25, 2022. In addition, the Court is respectfully requested to deny plaintiffs request for monetary sanctions against Defendant City of Sacramento for alleged violation of this Court's prior preliminary injunction.

## II

## ANTICIPATED WEATHER CONDITIONS IN SACRAMENTO FOR SEPTEMBER OF 2022 DO NOT SUPPORT PLAINTIFFS' REQUEST FOR AN EXTENSION OF THE PRELIMINARY INJUNCTION

The City retained meteorological expert Jan Null to address the issue of anticipated

daily maximum temperatures in the City of Sacramento during the month of August in 2022. Mr. Null is a Certified Consulting Meteorologist with the American Meteorological Society. From 1983 to 1997, Mr. Null served as the Lead Forecaster for the National Weather Service Forecast Office for the San Francisco Bay Area. Since 2014, Mr. Null has been an Adjunct Professor at San Jose State University teaching a course in Meteorology. From 1987 to 2014, Mr. Null taught two courses in Meteorology as an Adjunct Professor at San Francisco State University. Mr. Null has forty-eight years of experience as a professional meteorologist.

Mr. Null was retained by the City to offer opinions regarding the daily normal maximum temperatures that can be expected in the City of Sacramento during the month of September in 2022 based on past historical weather patterns in Sacramento. In forming his opinions, Mr. Null reviewed daily temperature data from the National Weather Service site for Downtown Sacramento for the period between 2000 and 2021. Mr. Null also reviewed information regarding the normal maximum temperatures in Downtown Sacramento from 1991 to 2020.

In his capacity a certified weather expert, and based on his review of daily normal maximum temperatures in Downtown Sacramento for the time period between 1991 and 2021, daily normal maximum temperatures in Sacramento historically decrease to 92.2 degrees on September 1st. (See Exhibits 2 and 3 to the declaration of Jan Null) Daily maximum temperatures continue to decrease throughout the month of September with a normal maximum of 89.7 on September 15 and 85.0 on October 1st. (See Exhibits 2 and 3 to the declaration of Jan Null) According to Mr. Null, in September, there are an average of only 17.5 days with a daily maximum temperature of 90 degrees or over. (Null Declaration at paragraph 16)   The historical maximum daily temperature analysis for Downtown Sacramento by Mr. Null set forth above clearly and unambiguously refutes plaintiffs unsupported contention that a thirty-day extension of this Court's prior preliminary order is necessary based on anticipated "extreme heat" days in September of 2022.

Plaintiffs' contention there will be days of "extreme heat" in Sacramento during the month of September, 2022 which necessitate extension of the preliminary injunction for an

additional thirty is unsupported by any expert testimony or admissible evidence. Plaintiffs' motion includes a declaration from Flojaune Cofer. Ms. Cofer identifies herself as a public health expert. It is undisputed Ms. Cofer has no background whatsoever in meteorology. Ms. Cofer's speculation, and plaintiffs' attorney's unsupported opinions regarding anticipated daily high temperatures in the City in September of 2022 are clearly not admissible concerning whether any days of "extreme heat" can be expected in Sacramento in September of 2022.

For all the reasons set forth in detail above, the City respectfully requests that plaintiffs' motion to extend the preliminary injunction to September 25, 2022 be denied.

## III

## PLAINTIFFS' REQUEST FOR AN EXTENSION OF THE PRELIMINARY INJUNCTION SHOULD ALSO BE DENIED BECAUSE EXTENDING THE PRELIMINARY INJUNCTION WOULD BE EXTREMELY DETRIMENTAL TO THE HEALTH AND SAFETY OF CITY RESIDENTS

Submitted to the Court along with this opposition are supporting declarations of Sacramento Fire Marshall Jason A. Lee, Sacramento Police Lt. Ryan Bullard, City Park Ranger, Danielle Luther, Department of Utilities, Operations and Maintenance Superintendent, Doug Henry and Sacramento Police Captain Bryce Heinlein. As indicated in the supporting declarations of each of these supervising and managing City employees, extending the preliminary injunction would have an extremely detrimental impact on public health and safety. The detrimental health and safety impacts would include but are not limited to all the following: An increase in human waste and refuse at numerous locations, overall increased health risks to citizens, increased risk of fires at various locations, compromised security at Sacramento Regional Transportation sites where security is provided by Sacramento Police employees, increased risk of flooding at creeks, channels, and other waterways, and an overall increase in criminal activity. All the health and safety risks outlined above and discussed in specific detail in the supporting declarations of City employees Lee, Bullard, Luther, Henry and Heinlein clearly support the City's contention

that extending the preliminary injunction would have an extremely negative impact on public health and safety within the City. For this additional reason, the Court is respectfully requested to deny plaintiffs' motion to extend the preliminary injunction.

## IV

## ASSUMING THE COURT GRANTS PLAINTIFFS' REQUEST TO EXTEND THE PRELIMINARY INJUNCTION, THE CITY REQUESTS AN EXCEPTION FOR "CRITICAL INFRASTRUCTURE" AND FOR "WILDFIRE RISK AREAS" AS SET FORTH IN CHAPTER 8.140 OF THE SACRAMENTO CITY CODE AND PURSUANT TO THE RECENT SIDEWALK ORDINANCE PASSED BY THE CITY COUNCIL

Chapter 8.140 of the Sacramento City Code prohibits camping or the use of camping paraphernalia at or near locations identified by the City as "critical infrastructure" or 'wildfire risk areas." Areas identified in Chapter 8.140 as "critical infrastructure" include but are not limited to the following: "government buildings, such as fire stations, police stations, jails, or courthouses; hospitals; structures, such as antennas, bridges, roads, train tracks, drainage systems, or levees; or systems, such as computer networks, public utilities, electrical wires, natural gas pipes, telecommunication centers, or water sources." Assuming the Court grants plaintiffs' motion to extend the preliminary injunction, the City respectfully requests that the areas within the City generally identified in Chapter 8.140 be exempted from the Court's order.

On August 23, 2022, the Sacramento City Council passed an ordinance which allowed removal of all tents that blocked sidewalks and business entrances in the City. The City also requests that enforcement of this new ordinance not be suspended, assuming the Court is inclined to grant plaintiffs' motion to extend the preliminary injunction to September 25, 2022.

//
//
//

# V

# PLAINTIFFS' MOTION SETS FORTH NO ADMISSABLE FACTS THAT SUPPORT THEIR CLAIM THE CITY OR ANY CITY EMPLOYEE VIOLATED THE COURT'S PRIOR PRELIMINARY INJUNCTION

At pages 4 and 5 of plaintiffs' motion, plaintiffs contend the City violated this court's prior preliminary injunction. This claim is completely unsupported and without merit. At page 4, lines 6-17, plaintiffs admit that the City called off a previously scheduled clean-up at Morrison Creek. Plaintiffs specifically reference an e-mail message from defense counsel to plaintiffs' attorney that stated in relevant portion as follows: "…pleased be advised that pursuant to Judge Nunley's prior order, City personnel will not seek to enforce the City's ordinances or the Code of Federal Regulations and remove homeless individuals or their personal property from Morrison Creek during the remaining time Judge Nunley's order remains is in effect." (Plaintiffs' Motion at page 4:13-18)

At page 4 of their motion, plaintiffs also make an unsupported allegation that City Park Rangers planned a "sweep" at an unidentified location on August 3, 2022. However, plaintiffs also admit this alleged sweep never took place. (Plaintiff's motion at page 4:21-24)

At pages 4 and 5 of their motion, plaintiffs allege two homeless individuals (Jessica Gilbert and Joseph Jensen) were contacted by Sacramento Police Sergeant Joshua Kirtlan and Officer Kelli Streich on August 7, 2022. Sergeant Kirtlan and Officer Streich both activated their body cameras during their interaction with Ms. Gilbert and Mr. Jensen on August 7, 2022. (Videotapes from the body worn cameras of Sergeant Kirtlan and Officer Streich regarding their contact with Ms. Gilbert and Mr. Jensen are provided for the Court's review along with the City's opposition)

As indicated by the body camera video recordings by both officers, they arrived at the location of Ms. Gilbert and Mr. Jensen in response to a 311 complaint about a sidewalk being completely blocked by a tent. Upon arriving at this location, both officers confirmed the sidewalk was completely blocked by a tent on the public sidewalk erected by Ms. Gilbert and Mr. Jensen. Both officers also confirmed a car registered to Ms. Gilbert was illegally

parked in a no parking zone next to the large tent blocking the sidewalk.

Sergeant Kirtlan told Ms. Gilbert and Mr. Jensen it was illegal to block the sidewalk and that they could not legally park Ms. Gilbert's car, in "no parking" zone. Sergeant Kirtlan then asked Ms. Gilbert and Mr. Jensen to remove their tent, because it was blocking the public sidewalk. Sergeant Kirtlan explained the tent on the sidewalk was a public safety issue because citizens would be forced to go around the tent and onto the road, potentially getting struck by a vehicle. Sergeant Kirtlan further explained that although he could tow Ms. Gilbert's car, he was not going to tow it or even issue a parking ticket.

Thereafter, Sergeant Kirtlan finally asked both Ms. Gilbert and Mr. Jensen to go somewhere else where they were not completely blocking the sidewalk and where they could legally park their vehicle. Thereafter, Ms. Gilbert and Mr. Jensen packed up their tent and departed this location in their vehicle.

Ms. Gilbert and Mr. Jensen allege they were contacted by unidentified Sacramento Police officers when they returned in their vehicle to the same location on August 13, 2022. The Sacramento Police Department has no record of any contact between any SPD personnel and Ms. Gilbert and Mr. Jensen on August 13, 2022.

After being informed of this Court's prior preliminary injunction, all employees of the Sacramento Police Department fully complied with the Court's prior preliminary injunction. (Declaration of Captain Bryce Heinlein at Paragraphs 4 and 8)

Based on the aforementioned, there is clearly no evidence that supports plaintiffs' contention the City violated this Court's prior preliminary injunction. For this reason, the Court is respectfully requested to deny plaintiffs request to impose sanctions against the City for alleged violation of the Court's prior preliminary injunction.

## VI

## THE CITY RESPECTFULLY REQUESTS THE COURT SCHEDULE A HEARING REGARDING PLAINTIFFS' MOTION FOR A NEW PRELIMINARY INJUNCTION AND REQUEST FOR SANCTIONS

Based on plaintiffs' contention the City violated the Court's prior preliminary

injunction and seeks monetary sanctions from the City for this alleged violation, the City requests the opportunity to be heard and present evidence during a hearing in response to plaintiffs' contentions. The City contends an evidentiary hearing is appropriate for reasons of due process given plaintiffs' request for the award of monetary sanctions based on the City's alleged violation of this Court's prior preliminary injunction.

## VII

## CONCLUSION

For all the reasons set forth above, the City respectfully requests that plaintiffs' motion to extend the prior preliminary injunction against Defendant City of Sacramento be denied. The City also respectfully requests that plaintiffs' motion for sanctions against Defendant City of Sacramento be denied.

DATED:  August 29, 2022

SUSANA ALCALA WOOD,
City Attorney

By: /s/ CHANCE L. TRIMM
**CHANCE L. TRIMM**
Senior Deputy City Attorney

Attorneys for Defendant
CITY OF SACRAMENTO