SUSANA ALCALA WOOD, City Attorney (SBN 156366)
**GRACE L. PAK, Senior Deputy City Attorney (SBN 263733)**
glpak@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA  95814-2608
Telephone:  (916) 808-5346
Facsimile:   (916) 808-7455

Attorneys for the CITY OF SACRAMENTO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO HOMELESS UNION, a local of the CALIFORNIA HOMELESS UNION/STATEWIDE ORGANIZING COUNCIL, on behalf of itself and those it represents; BETTY RIOS; DONTA WILLIAMS; FALISHA SCOTT and all those similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>COUNTY OF SACRAMENTO, a political subdivision of the State of California; CITY OF SACRAMENTO, a municipal corporation; and DOES 1 – 100,<br><br>    Defendants. | Case No.:  2:22-cv-01095-TLN-KJN<br><br>**JOINT STATEMENT OF PARTIES PURSUANT TO COURT'S AUGUST 2, 2023 ORDER (ECF NO. 39)**<br><br>Judge:    Hon. Troy L. Nunley<br><br>Complaint Filed: June 24, 2022 |

Pursuant to the Court's Order ("Order") dated August 2, 2023 (ECF No. 39), the parties met and conferred remotely via Teams on August 8, 2023 at 10:00 a.m. Plaintiffs SACRAMENTO HOMELESS UNION, et al. were represented by Anthony Prince. Defendant CITY OF SACRAMENTO ("City") was represented by Susana Alcala Wood, City Attorney; Andrea Velasquez, Supervising Deputy City Attorney, and Grace Pak, Senior Deputy City Attorney. Defendant COUNTY OF SACRAMENTO ("County") was represented by Rick Heyer, Supervising Deputy County Counsel.

In accordance with the Order, the parties met and conferred regarding "possible ways to narrow the scope of any future in injunctions to best balance the competing interests at play. For example, the parties should discuss how to prioritize exceptions for 'critical infrastructure' for the City of Sacramento as defined by the City and the federal government." (ECF No. 39 at 6:6-9.)

**AREAS OF AGREEMENT**

Plaintiffs and the City have agreed in principle to the areas outlined below. The County expressed that it is willing to be part of any discussions regarding critical infrastructure ordinances and safe grounds created in the future; however, the County's position is that there is no evidence to support the issuance of a preliminary injunction against it. Plaintiffs and the City disagree.

1. **Camp Management**- Plaintiffs and the City can agree that camp management, such as trash and debris clean-up, should be permitted as long as it does not include items of personal/survival necessity belonging to persons experiencing homelessness ("PEH"). Plaintiffs specify that items subject to clean-up are those posing a demonstrable hazard (e.g., syringes, human waste) or items that are clearly refuse. Plaintiffs understand "camp management" *not* to entail the physical displacement of persons from or the clearing of a given encampment.

2. **Enforcement of the City's sidewalk ordinance (Sacramento City Code 12.24)**- Plaintiffs and the City can agree that sidewalk obstructions blocking access leaving less than four (4') feet of width can generally be enforced without displacing PEH; however, they

disagree as to where such enforcement is appropriate.

    a. <u>Plaintiffs' Position</u>- Enforcement should be limited to sidewalks pedestrians actually use versus sidewalks which are not utilized such as in an industrial area. In addition, where there is obstruction of a sidewalk, a person will not be displaced or an encampment will not be cleared unless the person and/or their possessions has been afforded an opportunity and received assistance, if requested, to make adjustments to person and property such that they remain at the location without creating an obstruction.

    b. <u>City's Position</u>- Enforcement should include all City sidewalks given that it is impossible to know which sidewalks are not utilized.

3. **Miller Park**- Plaintiffs and the City can agree that Plaintiff's Counsel, a representative from the Sacramento Homeless Union, City staff, and other attendees as agreed to and approved by both parties may take a tour of Miller Park and its facilities.  The parties can further agree to engage in ongoing discussions about the frequency, length, and scope of any future access.  The City can agree to providing shade structures (e.g., pop-ups) over tents in areas with little to no shade, and alternative tents, such as those made of canvas or other materials that may provide more or better protection from the heat.

    a. <u>Plaintiffs' Position</u>: Safe, potable water must be provided in sufficient quantities to ensure proper hydration; water shall not be delivered via garden-type hoses regardless of whether attachments have been added or modifications made unless approved in advance by qualified persons and installed by licensed professionals.

4. **Future safe ground sites**- Plaintiffs and the City can agree that if future safe grounds sites are created by the City, PEH may be moved to them if offered and accepted.

    a. <u>Plaintiff's Position:</u> Sites must meet physical/structural standards and operate in accordance with agreed-upon policies and procedures to be negotiated by the parties.

## CRITICAL INFRASTRUCTURE

1. <u>Plaintiffs' Position</u>- Plaintiffs seek amendment to City's critical infrastructure

ordinance (Sacramento City Code 8.140) to model the City of Novato's that was amended pursuant to a settlement agreement between Novato and the Homeless Union in *Marin County Homeless Union, et al. v. City of Novato, et al.*, Case No. 4:21-cv-05401-YGR at ECF No. 78 (N.D. Cal. Oct. 13, 2022): "Critical infrastructure may be any real property or facility, whether privately or publicly owned, as designated by the city council by resolution, that the city council determines in its discretion is so vital and integral to the operation or functioning of the city that its damage, incapacity, disruption, or destruction would have a debilitating impact on the public health, safety, or welfare." (Novato City Code 7-11.2(d).)  Their ordinance was amended to delete references to specific locations other than to  indicate that certain locations and facilities ***may***, but not necessarily must be included such as ~~delete references to specific locations:~~ "government buildings, such as schools, fire stations, police stations, jails, or courthouses; hospitals; structures, such as antennae, bridges, roads, train tracks, drainage systems, or levees; or systems, such as computer networks, public utilities, electrical wires, natural gas pipes, telecommunication centers, or water sources."

Novato's settlement agreement requires that if the city makes any amendments to designations of critical infrastructure, it must first consult with stakeholders including the homeless union.  Additionally, proposed amendments go to an official City Committee on Housing and Homelessnes, which prepares and submits a recommendation on the amendments to its city council.

2. <u>City's Position</u>- on August 1, 2023, the City Council adopted a critical infrastructure list resolution, in part, recognizing the City Manager's updated critical infrastructure list and approving any and all locations on the Critical Infrastructure List as "critical infrastructure" for purposes of Chapter 8.140 of the City Code.  The City Manager issued a memorandum on July 25, 2023, which updated the locations on the Critical Infrastructure List that are designated as "critical infrastructure" for purposes of Chapter 8.140 of the City Code of courthouses and government law offices, including those of criminal prosecutors.  The designation of a parcel or facility as "critical infrastructure" is a thoughtful and deliberate process.  The City must be permitted to enforce this ordinance, as adopted by

the City Council recently, in order to ensure public safety.

DATED:  August 9, 2023   SUSANA ALCALA WOOD,
              City Attorney

                /s/ *Grace L. Pak*
             By:_____
               **ANDREA M. VELASQUEZ**
               Supervising Deputy City Attorney
               **GRACE L. PAK**
               Senior Deputy City Attorney

               Attorneys for the Defendant
               CITY OF SACRAMENTO

DATED:  August 9, 2023   LAW OFFICES OF ANTHONY D. PRINCE

                /s/ *Anthony D. Prince* (as authorized on 8/9/23)
             By:_____
               **ANTHONY D. PRINCE**

               Attorneys for the Plaintiffs
               SACRAMENTO HOMELESS UNION

DATED:  August 9, 2023   LISA A. TRAVIS, COUNTY COUNSEL

                /s/ *Rick Heyer* (as authorized on 8/9/23)
             By:_____
               **RICK HEYER**
               **Supervising Deputy County Counsel**

               Attorneys for the Defendant
               COUNTY OF SACRAMENTO

JOINT STATEMENT OF PARTIES

1312261