Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

Attorneys for Plaintiffs

UNITED STATES COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO HOMELESS UNION, a local of the CALIFORNIA HOMELESS UNION/STATEWIDE ORGANIZING COUNCIL, on behalf of itself and those it represents; BETTY RIOS; DONTA WILLIAMS; FALISHA SCOTT and all those similarly situated,<br><br>Plaintiffs<br><br>vs.<br><br>COUNTY OF SACRAMENTO, a political subdivision of the State of California; CITY OF SACRAMENTO, a municipal corporation; and DOES 1 – 100,<br><br>Defendants. | Case No.: 2:22-cv-01095-TLN-KJN<br><br>THIRD SUPPLEMENTAL DECLARATION OF CRYSTAL SANCHEZ |

**THIRD SUPPLEMENTAL DECLARATION OF CRYSTAL SANCHEZ**

I, Crystal Sanchez, hereby swear and affirm that the following is a true statement:

1. In my capacity as President of the Sacramento Homeless Union, over the last week and as recently as last night and early this morning, I have been personally involved in efforts to inform members of our Union and others who were camped at City Hall and then removed in violation of the TRO of their right to return and remain during the day. We are now in triple digit temperatures and the people are scared to return and are on the streets suffering. I have observed people in the sun, unprotected right across from City

*Third Supplemental Declaration of Crystal Sanchez*

- 1 -

Hall but who are frightened to return to the shade of City Hall Plaza because of how they were kicked out on August 4 and again on August 7 and again on August 8.

2. Since August 8, no homeless persons remain at City Hall Plaza either during the day or night. This is also true for the Main Courthouse. The Union, through our legal counsel, has repeatedly requested that the City take affirmative steps to insure the return of those who were removed including going into the nearby streets to inform people as well as posting notices at around City Hall notifying the displaced campers that they can return and will not be removed while the TRO is in effect. The City has refused to do either of these things.

3. Beginning yesterday, Union members, including myself, and other homeless advocates have been distributing a Union notice informing the homeless of their right to be at the City Hall Plaza during the Temporary Restraining Order. Attached hereto as Exhibit A is a true and correct copy of the notice entitled "**To All Homeless Persons**: **YOU HAVE A RIGHT TO BE AT CITY HALL.**"

4. Unfortunately, however, in numerous conversations in Cesar Chavez Park and streets surrounding City Hall and the Main Courthouse (which the homeless are also now scared to go to) with those who were removed from City Hall, I have learned that they have no trust that the City will let them stay despite the Court Order and they are worried about being arrested, losing their personal property if they go back to either City Hall or the Courthouse.

5. Yesterday I observed persons who had been at City Hall in extreme distress on the streets. The Union is now working with community volunteers to bring food and water to them. I have also been informed that Sacramento police officers are warning people not to go to City Hall. Normally, I would be able to get a declaration from those who the police have warned; now people are scared to do that.

*Third Supplemental Declaration of Crystal Sanchez*

6. The Union has been severely impacted by the City's violation of the TRO. It is expected to be 106 degrees today and the homeless are too scared to be in the large shaded area that is provided by the overhang of the City Hall building – and the Courthouse--that could help keep people safer. The Union's reputation has been damaged because some people are less trusting that the information we give them is accurate. We are doing everything we can to encourage people to return so that they can be safer, but that means we have to trust the City will not remove the campers again. It just seems that the City is determined not to have homeless people at City Hall during the day which is why they passed the sit-lie ordinance in the first place.

7. On August 7, 2023, Sacramento District Attorney Thien Ho wrote a letter to the City of Sacramento demanding that the City clear 16 encampments and ban all daytime camping city-wide. This has put added pressure and fear of further violations of the TRO. Attached hereto as Exhibit B is a true and correct copy of D.A. Ho's letter.

8. Attached hereto as Exhibit C are true and correct copies of the Union's response to Mr. Ho's letter of August 7, 2023 which was sent to him and, having received not response, was sent to Attorney General Rob Bonta.

I hereby swear and affirm under penalty of perjury under the laws of the United States and the State of California that the foregoing is a true statement made on personal knowledge and otherwise on information and belief.

Dated: August 15, 2023

Executed at Sacramento, CA          /s/ Crystal Sanchez

*Third Supplemental Declaration of Crystal Sanchez*

# Exhibit A

# TO ALL HOMELESS PERSONS:

# YOU HAVE A RIGHT TO BE AT CITY HALL

On August 3, 2023, Federal District Judge Troy L. Nunley ordered the City of Sacramento to STOP THE SWEEPS CITYWIDE. This means YOU HAVE THE RIGHT to stay at City Hall night **_and day_** until at least this Thursday, August 17. The City violated that Order when it cleared the City Hall encampment last week and may now be held in contempt of court.

**This is to advise all unhoused persons that under Judge Nunley's Order, for the next four days August 14 – August 17, you have the RIGHT TO RETURN TO CITY HALL RIGHT NOW and REMAIN THERE ALL DAY AND ALL NIGHT.**

Judge Nunley is expected to issue a New Order this week. The Sacramento Homeless Union has urged Judge Nunley to extend the Temporary Restraining Order so that the homeless can escape the intense heat and have the protection of the shade at City Hall Plaza.

**If the Sacramento Police or City Halll security guards try to prevent you from returning to City Hall or threaten or try to remove you, immediately contact the Homeless Union by calling or texting 510-301-1472.**

We will let you know if Judge Nunley will permit you to camp during the day at City Hall after Thursday, August 17.

*Crystal Sanchez*, President, Sacramento Homeless Union

*Anthony D. Prince*, Attorney for Sacramento Homeless Union

# Exhibit B



**Sacramento County District Attorney's Office**
THIEN HO
District Attorney

August 7, 2023

City of Sacramento
Sacramento City Hall
915 I Street, 5th Floor
Sacramento, CA 95814

Dear City of Sacramento,

Over the last six years, Sacramento's unsheltered population has increased by over 250%. We have a public safety crisis that is endangering both the unhoused and the housed. Our community is caught between compassion and chaos as we reach a breaking point that requires action.

My office invited the community to complete a survey regarding 16 encampments located throughout the city. We have received over 1600 responses in a matter of days. Many of the responses were disturbing and appalling. Residents reported they were assaulted at gunpoint by an unhoused individual; a girls' soccer game was postponed because of hypodermic needles on the field; a homeowner was diagnosed with PTSD due to the constant harassment and break-ins by unhoused people living in an encampment across the street from her home; children have had to walk through human feces and urine to get to school.

Some respondents said their calls to the city for help had gone unanswered. Additional respondents received comments from elected leaders chastising them for seeking help and directed them to "be thankful" for being housed. Some who called 311 to request help were told to stop calling.

Public safety is a core mandate of the District Attorney. Our office remains committed to the enforcement and prosecution of violations of state law, including misdemeanor crimes occurring within the encampments. We do not prosecute individuals for living unsheltered.

The District Attorney's Office continues to work with the Sacramento Superior Court and our other justice partners to develop comprehensive strategies for prosecution and diversion of defendants who live with serious mental illness or drug addiction. Additionally, the District Attorney's Office offers expansive alternative courts in lieu of traditional prosecution, with special emphasis on Veteran's Court, Mental Health Court, and Drug Court. We currently staff 12 different and robust alternative courts. Although participation is voluntary, we have served nearly 5,000 individuals over the last several years in these collaborative courts and alternative programs. In lieu of booking into the main jail, we recently started a pilot program with the

Sacramento Police Department to divert individuals with substance abuse and co-occurring disorders to Well Space Health instead of the main jail.

In a recent conversation, the Mayor of Sacramento requested that the District Attorney's Office offer diversion on *all* misdemeanor cases where an unhoused individual has been cited. *Mandatory* diversion, which would result in a dismissal of the charges on all misdemeanors committed by an unhoused person without evaluating the nature of the offense, the circumstance of the crime, the individual's background, and input from the victim would be inappropriate and unlawful. Each case must be evaluated on its individual merits.

While we wait for the passage of an innovative ballot initiative proposed by Governor Newson that would create 10,000 additional new community beds and housing units for behavioral health patients, we need to **act now**.

While we wait for needed changes to the archaic conservatorship laws that would allow for involuntary guardianship and treatment for those who suffer from substance abuse disorders, we need to **act now** to address the humanitarian crisis for the unhoused that has created significant public safety issues for the entire community.

The people have spoken. The survey responses reveal an unprecedented public safety crisis that demand we **act now**. Therefore, I am requesting that the City of Sacramento do the following within the next 30 days:

- **Compliance Action:**
    - Require the City Attorney's Office to prosecute city codes and ordinances related to provisions of the Sacramento City Code regarding Critical Infrastructure; Sidewalk Obstructions and Pedestrian Interference; Park Use Regulations; Storage of Personal Property on Public Property; and Vehicles and Traffic, as well as provisions of the California Vehicle Code applicable to vehicle encampments. While the District Attorney's Office has jurisdiction over state misdemeanor and felony offenses, the authority to prosecute city codes and ordinances remains in the sole authority of the city to enforce. Enforcement by the City Attorney's Office has been inconsistent;
    - The City Attorney's Office will provide four (4) additional city attorneys for the north, south and east/central parts of the city, which will be funded by the city. These city attorneys will vertically prosecute violations of city codes and ordinances, and when appropriate provide an individualized diversion program;
    - Implement compliance protocols that employ three main types of activities: outreach, encampment management/cleanup, and compliance with state law and the Sacramento City Code through engagement with both law enforcement and non-law enforcement personnel.

- **Temporary Emergency Shelter Space & Camping Space:**
    - Identify, authorize, and establish emergency shelter space and/or

emergency camping space, including but not limited to *temporary* Safe Ground locations within the City of Sacramento within the next 30 days equal to 75% of the total number of unsheltered individuals estimated to reside in the city pursuant to the last point-in-time (PIT) count conducted by the city;
- The city may use any public property, except for city streets, neighborhood parks, or locations within one thousand (1,000) feet of a K-12 school, public library, daycare or preschool facility, or playground, or five hundred (500) feet from a stream or river.
  
  o Ensure strict adherence to the above compliance protocols in and around the above locations to prevent public safety issues in the communities where encampments are located;
  
  o Employ a professional operator to maintain the emergency shelter or camping space to ensure public safety and adherence to the law including the following:
     - Use of 24-hour security;
     - Removal of garbage;
     - Use of sanitation equipment.
  
  o Implement a Good Neighbor Policy:
     - Prohibit and remove all camping within 500 feet of any shelter or Safe Ground location.
  
  o The emergency shelter and *temporary* Safe Ground locations should provide adequate protection from the weather and elements;
  
  o Publicly report on a monthly basis:
     - How many people are moved into the shelter or Safe Ground;
     - How many people from the shelter or Safe Ground are moved into permanent supportive housing;
     - How many people are moved from permanent supportive housing to non-subsidized housing.

- **Access to Real Time Data Related to Shelter Beds and a Refusal to Accept Shelter:**
  o Implement a Coordinated Access Program requiring all providers to share information in real time to assist in coordinated service.
     - Require service providers who receive funding from the City of Sacramento to publicly report on a daily basis the number of shelter beds available and the location of those beds;
     - Availability of shelter beds must be input every morning into a shared information platform along with other important assessment information;
     - This information will be collated and sent to different nonprofits and government agencies (including law enforcement) for potential referrals;
     - This information must be shared on the Homeless Management Information System (HMIS).

3

- o Implement the following protocols:
    - During the first contact, an unhoused individual who declined the offer of shelter will be given a warning;
    - During the second contact, a citation will be issued if the unhoused individual rejects the offer for shelter. The citation will later be dismissed after the offer for shelter has been accepted;
    - A third visit with another rejected invitation will result in a transport to the jail where the individual will be cited and released for a misdemeanor. The citation will be dismissed upon acceptance into a shelter.

- **Citywide Daytime Camping Ban**:
    - o Implement citywide the same ordinance used to prohibit camping at City Hall between 6 am and 9 pm.
        - The city prohibited camping on City Hall property during the day but allowed it in the evening after 9 pm. This policy was implemented after several city employees were assaulted;
        - The prohibition is valid under *Martin vs. Boise*. Therefore, the City of Sacramento must implement the same ordinance citywide;
    - o Provide safe and secure locations for those who are unsheltered to store their life necessities during the day and retrieve them in the evening to bring to their temporary campsite.

- **Implementation of Compliance Protocols and Clearing of Identified Encampments:**
    - o Apply the Compliance Protocols and above listed procedures and clear within the next 30 days the 16 encampments within the city identified by the Sacramento District Attorney's Office;
    - o Ensure that individuals in those encampments not relocate or migrate to an area within three (3) city blocks of the original encampment location.

- **Audit:**
    - o Audit money used by the City of Sacramento to address homelessness for the last two (2) years;
    - o Publicly file a report identifying the amount of funds spent, each entity using the funds, the activities for which the funds were applied, and the numbers of unhoused individuals moved into permanent non-subsidized housing.

- **Point-In-Time Count:**
    - o Conduct a point-in-time count in July of each year;
        - The City of Sacramento will pay individuals to conduct the count;
        - Data will be collected as to whether unsheltered individuals lived in Sacramento prior to becoming unhoused.

4

**Notice to City of Sacramento:**

California Civil Code section 3480 defines a public nuisance as, "One which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal."

California Health and Safety Code Section 11570 states: "Every building or place used for the purpose of unlawfully selling, serving, storing, keeping manufacturing, or giving away any controlled substance, precursor, or analog specified in this divisions, and every building or place wherein or upon those acts take place, is a nuisance which shall be enjoined, abated, and prevented and for which damages may be recovered, whether it is a public or private nuisance."

I now direct your attention to the California Penal Code that addresses the problems occurring at your properties. California Penal Code Section 370 provides: "Anything which is injurious to health, or is indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property by an entire community or neighborhood, or by any considerable number of persons, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a public nuisance."

Penal Code Section 373a reads: "Each person who maintains, permits, or allows a public nuisance to exist upon his or her property or premises, and each person occupying or leasing the property or premises of another who maintains, permits or allows a public nuisance to exist on the property, after reasonable notice in writing from a ... district attorney ... to remove, discontinue or abate the same has been served upon such person, is guilty of a misdemeanor. The existence of a public nuisance for each and every day after the service of the notice is a separate and distinct offense, and it is the duty of the district attorney ... to prosecute state misdemeanors, to continuously prosecute all persons guilty of violating this section by continuous prosecutions until the nuisance is abated and removed." (Emphasis added.)

**BE ADVISED THAT THIS LETTER CONSTITUTES YOUR FORMAL LEGAL NOTICE PURSUANT TO PENAL CODE SECTION 373A.**

As one of only three constitutional officers for Sacramento County, I again request that you work with the Sacramento City Attorney's Office, Sacramento City Code Enforcement, and the Sacramento Police Department to enforce existing Sacramento City Codes and Ordinances to address the public safety concerns that so many people who live, work, and visit our city see and feel every day.

Respectfully,

Thien Ho,
Sacramento County District Attorney

CC:
Mayor Darrell Steinberg
Sacramento City Council
Sacramento City Attorney Susana Alcala
Sacramento Police Chief Kathy Lester
Sacramento City Manager Howard Chan

# Exhibit C

Cc: Susana Alcala Wood <sawood@cityofsacramento.org>; Andrea Velasquez <avelasquez@cityofsacramento.org>; Grace Pak <glpak@cityofsacramento.org>; Heyer. Rick <heyerr@saccounty.gov>
Sent: Tuesday, August 8, 2023 at 03:29:38 PM PDT
Subject: Thien Ho Letter of August 7, 2023

To: District Attorney Thien Ho:

We have become aware of a letter dated August 7, 2023 addressed to the City of Sacramento from Sacramento District Attorney Thien Ho containing a number of "proposals" accompanied by a formal notice of a pending criminal charge against the City of Sacramento for allegedly failing to enforce various ordinances against homeless encampments. The letter is attached hereto.

Although we will shortly be preparing a formal letter to the District Attorney and a public statement, we want to advise the DA and the public that D.A. Ho's letter appears to call upon the City of Sacramento to take actions that may violate a federal court injunction issued on August 3, 2023 by District Court Judge Troy L. Nunley prohibiting the clearing of homeless encampments that will remain in effect, if not extended, until August 17, 2023. A copy of Judge Nunley's Temporary Restraining Order is also attached hereto.

Mr. Ho is demanding that the City "clear within the next 30 days the sixteen encampments within the city identified by the Sacramento District Attorney's Office[.]" The letter also "proposes" that the City "implement citywide the same ordinance used to prohibit camping at City Hall between 6 am and 9 pm." Although there are other problematic "proposals" in his letter, these two alone, if implemented by the City of Sacramento during the pendency of the above-referenced TRO would constitute a violation of Judge Nunley's Order.

For the Sacramento County District Attorney to "encourage" the City of Sacramento to act in disregard of a federal court order is, to us, deeply troubling and may constitute a gross abuse of his authority, among other things.

Accordingly, we strongly urge DA Ho to immediately retract his letter and hereby state our intention to bring this matter to the attention of Judge Nunley as well as that of California Attorney General Rob Bonta.

Very truly yours,

Anthony D. Prince,
General Counsel,
California Homeless Union/Statewide Organizing Council
Attorney for Sacramento Homeless Union


Letter to City of Sacramento with Notice (8-7-23) (1).pdf
243.6kB


OrderforTROAug.3.pdf
231.3kB

----- Forwarded Message -----
**From:** Anthony Prince <princelawoffices@yahoo.com>
**To:** rob.bonta@doj.ca.gov <rob.bonta@doj.ca.gov>
**Cc:** Satchell. Sonia (DA) <satchellso@sacda.org>
**Sent:** Friday, August 11, 2023 at 03:37:01 PM PDT
**Subject:** Fw: Thien Ho Letter of August 7, 2023

To: Rob Bonta, California State Attorney General
From: Anthony D. Prince, General Counsel for the California Homeless Union
   and Attorney for the Sacramento Homeless Union

Mr. Bonta: I am forwarding to you an email message that we sent on August 8, 2023 to Sacramento County District Attorney Thien Ho via Sonia Satchell, Public Information Officer for the District Attorney's Office. We have received no response.

We wanted to make you aware of the situation described in the message as we believe Mr. Ho has dangerously overstepped his authority as a County District Attorney and is misusing his office to gain a political advantage by demand that the City act in such a manner tantamount to willful disobedience by the City of Sacramento of a Temporary Restraining Order issued by District Judge Troy L. Nunley on August 3, 2023.

We are in the process of further researching this matter and intend to file a formal complaint with the State Bar against Mr. Ho and will follow up this message with a formal communication to your office regarding this matter.

However, given the increasingly strident rhetoric and threats coming from the Sacramento District Attorney to pressure the City of Sacramento to resume currently-enjoined enforcement of its anti-camping ordinances, this is an urgent matter for the Sacramento Homeless Union and its 2,700 members.

Very Truly Yours,

/s/Anthony D. Prince,

Law Offices of Anthony D. Prince,
General Counsel for the
California Homeless Union/Statewide Organizing Council
Attorney for Sacramento Homeless Union


----- Forwarded Message -----
**From:** Anthony Prince <princelawoffices@yahoo.com>
**To:** Satchell. Sonia (DA) <satchellso@sacda.org>
**Cc:** Susana Alcala Wood <sawood@cityofsacramento.org>; Andrea Velasquez <avelasquez@cityofsacramento.org>; Grace Pak <glpak@cityofsacramento.org>; Heyer. Rick <heyerr@saccounty.gov>
**Sent:** Tuesday, August 8, 2023 at 03:29:38 PM PDT
**Subject:** Thien Ho Letter of August 7, 2023

To: District Attorney Thien Ho: