UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO HOMELESS UNION, et al., | No. 2:22-cv-01095-TLN-KJN |
| Plaintiffs, | |
| v. | **ORDER** |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs Sacramento Homeless Union, Betty Rios, Donta Williams, and Falisha Scott's (collectively, "Plaintiffs") Motion to Extend and Enlarge the Court's Injunction. (ECF No. 66.) The City filed an opposition. (ECF No. 68.) Plaintiffs filed a reply. (ECF No. 73.) For the reasons set forth below, the Court DENIES Plaintiffs' motion.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

A full recitation of the background of this case is unnecessary as it is set forth fully in the Court's prior orders. (ECF Nos. 22, 55.) Most recently, on August 16, 2023, the Court extended an injunction prohibiting the City from clearing homeless encampments based on the excessive heat forecasted for the month of August. (ECF No. 55.) The Court indicated the injunction would expire on August 31, 2023. (*Id.*) In addition to extending the duration of the injunction, the Court also narrowed the existing injunction based on a joint statement from the parties. (*Id.*) The City appealed the Court's order on August 21, 2023. (ECF No. 57.) The appeal is currently pending before the Ninth Circuit.

On August 30, 2023, one day before the injunction was set to expire, Plaintiffs filed the instant motion to extend and enlarge the injunction. (ECF No. 66.) Based on Plaintiffs' delay in filing their motion as well as cooler weather in the forecast, the Court set a briefing schedule to allow Defendants to respond. (ECF No. 67.) The matter is now fully briefed.

## II. STANDARD OF LAW

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasis added); *see also Costa Mesa City Employee's Assn. v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial.") (internal quotation marks omitted); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.") (internal quotation marks omitted). In cases where the movant seeks to alter the status quo, preliminary injunction is disfavored and a higher level of scrutiny must apply. *Schrier v. Univ. of Co.*, 427 F.3d 1253, 1259 (10th Cir. 2005). Preliminary injunction is not automatically denied simply because the movant seeks to alter the status quo, but

2

instead the movant must meet heightened scrutiny. *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Plaintiff must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply in the plaintiff's favor," in order to succeed in a request for preliminary injunction. *Id.* at 1134–35 (emphasis added).

### III.  ANALYSIS

In the instant motion, Plaintiffs seek to extend the injunction through the end of the third week of September. (ECF No. 66 at 2.) Plaintiffs also request the Court add multiple provisions to the existing injunction. (*Id.*) In opposition, the City argues: (1) the Court should deny class-wide relief because the injunction should only apply to named Plaintiffs; (2) Plaintiffs are not likely to succeed on the merits; (3) Plaintiffs are not likely to suffer irreparable harm; (4) the balance of equities does not tip in Plaintiffs' favor; and (5) an injunction is not in the public interest. (ECF No. 68.)

The City raises several compelling new arguments. At the outset, the Court agrees with the City that is improper to grant what is effectively class-wide relief at this stage based on the record before the Court. *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727–28 n.1 (9th Cir. 1983) (vacating a class-wide preliminary injunction as overly broad and stating "the injunction must be limited to apply only to the individual plaintiffs unless the district judge certifies a class of

3

plaintiffs"); *see also Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 822 (9th Cir. 2018) ("Plaintiffs seeking injunctive relief must show that *they themselves* are likely to suffer irreparable harm absent an injunction.") (emphasis added).

Plaintiffs fail to convince the Court that it should stray from well-established Ninth Circuit precedent on this issue. Plaintiffs cite *Bresgal v. Brock*, 843 F.2d 1163, 1169 (9th Cir. 1987), for the contention that "[t]here is no general requirement that an injunction affect only the parties in the suit." (ECF No. 73 at 3.) However, *Bresgal* is factually and procedurally distinguishable from the instant case. Most notably, *Bresgal* involved a permanent injunction — not a preliminary injunction — and the *Bresgal* court explicitly distinguished itself from *Zepeda* on that basis.[1] *Bresgal*, 843 F.2d at 1169 (stating that *Zepeda* "concerned a preliminary injunction, and is limited to that situation"). Accordingly, the Court finds *Zepeda* governs here.

Plaintiffs do not provide arguments or evidence regarding specific, imminent harm to the named Plaintiffs themselves. (ECF Nos. 66, 73.) Rather, Plaintiffs make broad assertions about the harms to unhoused individuals generally. (*Id.*) Plaintiffs also fail to demonstrate that all unhoused individuals are similarly situated. (*Id.*) Based on the existing arguments and evidence, the Court believes a further preliminary injunction prohibiting the clearing of all homeless encampments in Sacramento would be overly broad.

In addition, the Court is persuaded by the City's arguments about recent steps it has taken to mitigate the danger to unhoused individuals. For example, the City provides evidence demonstrating that it set up canopies or pop-ups over the tents at Miller Park. (ECF No. 68 at 14–16 (citing ECF No. 70-2).) Plaintiffs fail to address the City's mitigation efforts in their reply.

Lastly, the Court is persuaded by the City's arguments about the lack of sufficient evidence showing that excessive heat will persist through the remainder of September. The current weather forecast indicates temperatures will decrease considerably in the upcoming days. *See National Weather Service*, NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, available at https://forecast.weather.gov/ (last visited September 12, 2023).

---

[1] Plaintiffs also cite *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486 (9th Cir. 1996), which, like *Bresgal*, involved a permanent injunction.

4

The Court recognizes this case raises difficult issues and encourages the parties to work towards a resolution of this matter. However, for the reasons stated above, the Court finds Plaintiffs fail to demonstrate that the *Winter* factors weigh in favor of extending the injunction.

## IV.     CONCLUSION

Accordingly, the Court DENIES Plaintiffs' Motion to Extend and Enlarge the Injunction. (ECF No. 66.)

IT IS SO ORDERED.

Date:  September 13, 2023

Troy L. Nunley
United States District Judge

5