Anthony D. Prince (SBN # 202892)
General Counsel, California Homeless Union/Statewide Organizing Council
Law Offices of Anthony D. Prince
2425 Prince Street, Ste. 100
Berkeley, CA 94705
Tel: 510-301-1472

Attorneys for Plaintiffs

## UNITED STATES COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO HOMELESS UNION, a local of the CALIFORNIA HOMELESS UNION/STATEWIDE ORGANIZING COUNCIL, on behalf of itself and those it represents; BETTY RIOS; DONTA WILLIAMS; FALISHA SCOTT and all those similarly situated,<br><br>  Plaintiffs<br><br>   vs.<br><br>COUNTY OF SACRAMENTO, a political subdivision of the State of California; CITY OF SACRAMENTO, a municipal corporation; and DOES 1 – 100,<br><br>  Defendants. | Case No.: 2:22-cv-01095-TLN-KJN<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES.** |

**PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF SACRAMENTO'S**

**MOTION FOR PARTIAL JUDGEMENT ON THE PLEADINGS**

**INTRODUCTION**

On June 24, 2022, this Court granted Plaintiffs' motion for temporary restraining order, finding, under the substantive due process clause of the 14th Amendment to the Constitution of the United States, that the City of Sacramento's affirmative conduct of clearing homeless encampments and removing the residents from areas of shade during a record-setting heatwave constituted a state-created danger. (ECF No. 22)

However, the court rejected Plaintiffs' claim that in denying their "inalienable right" to "pursue and obtain safety" the City had also violated Article I, Sections I and VII of the California

*Plaintiffs' Opposition to City of Sacramento's Motion for Judgment on the Pleadings*

Constitution. This court wrote that plaintiffs "d[id] not provide any authority to suggest that other courts have recognized a state-created danger claim under this section of the California Constitution, nor [did] they provide any authority at all other than mere citation to this specific provision of the California Constitution." (ECF No. 22)

However, even if no court has yet held with specificity that state-created danger is a valid claim under the California Constitution, neither has a court specifically held that no such claim may be made. Indeed, a little over one year ago, the court in *Blaike v. El-Tawansy* 22-cv-04669-RS (ND Cal. 08/25/2022, also involving the destruction of homeless encampments stated: "The Due Process Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. *The California Constitution **provides similar protection***. See Cal. Const. art. I, § 7. "Blaike v. El-Tawansy 22-cv-04669-RS (ND Cal. 08/25/2022

"Under the state-created danger doctrine," continued the court, "a due process violation occurs "when the state affirmatively places the plaintiff in danger by acting with deliberate indifference to a known or obvious danger." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971-72 (9th Cir. 2011) (internal quotation marks and citations omitted. In a footnote, while citing to *Shen* the court nevertheless declined to rule one way or the other, stating that whether the California Constitution recognizes the state-created danger doctrine is "unclear." *Id.*

Here, the City of Sacramento has the burden to show that recognition of state-created danger under the California Constitution has been *disallowed* and is unable to do so. The sole case on which the City relies, *Shen v. Albany Unified School District*, is concerned only with *damages*—not an issue in this case—and is completely silent on the question of injunctive relief.

In *Shen,* the court cited to *Katzberg v. Regents of Univ. of Cal.*, to compare the federal and state constitutions on this issue and relies on Katzberg to state that "while the two constitutional

*Plaintiffs' Opposition to City of Sacramento's Motion for Judgment on the Pleadings*

provisions may be similar, they are not identical, *see Katzberg v. Regents of Univ. of Cal.* , 29 Cal. 4th 300, 320-21, 127 Cal.Rptr.2d 482, 58 P.3d 339 (2002). However, *Katzberg,* itself, makes it clear that while the similarity may not extend to a suit for damages, it is a very different story when it comes to the California Constitution as the basis for *injunctive* relief.

For example, the Katzberg court considered the case of *Clausing v. San Francisco Unified School District* (1991) 221 Cal.App.3d 1224 where the Court of Appeal considered an action for damages to remedy asserted violations of both the "safe schools" clause (art. I, § 28(c)) and the privacy clause (art. I, § 1) of the California Constitution, based upon a school district's alleged physical and emotional mistreatment of a handicapped student. In discussing *Clausing*, the *Katzberg* court found "that the privacy provision affords only *a right to injunctive relief* and does not afford a right to damages." Id. More generally, considering the California Constitution as whole, *Katzberg* held that, "***every constitutional provision*** is self-executing to this extent, that everything done in violation of it is void." ( *Oakland Paving Co. v. Hilton* (1886) 69 Cal. 479, 484.)

Here, where Plaintiffs assert protection of the right to "pursue and obtain" safety under Article I, Section I and Section 7, in the form of protection against a deadly heatwave, *Katzberg's* broad construction of the California Constitution is instructive. "It is clear that the due process clause of article I, section 7(a) is *self-executing*, and that even without any effectuating legislation, *all branches of government are required to comply with its terms*" [and furthermore], it also is clear that, *like many other constitutional provisions,* this section supports an action, brought by a private plaintiff against a proper defendant, for declaratory relief ***or for injunction***. (See generally *Skelly v. State Personnel Board* (1975) 15 Cal.3d 194; Friesen, State Constitutional Law (2d ed. 1996) § 7-5(a), pp. 416-418 (Friesen)(Emphasis added.)

**Defendant's Reliance On *Shen v Albany Unified School District* and *Katzberg v Regents of the University of California* is Misplaced Because Plaintiffs Are Not Seeking Damages – Only Prospective Injunctive Relief.**

*Plaintiffs' Opposition to City of Sacramento's Motion for Judgment on the Pleadings*

Defendants fail to provide a cogent reason to deviate from using the US Supreme Courts interpretations of the Due Process Clause to interpreted Article I § 7. They also ignore the plain language article I § I right to safety – an argument that nullifies a section of the California Constitution without any reason.

Defendants rely solely on Judge James Donato's decision *Shen v Albany Unified School District,* 436 F Supp. 3d 1305, 1315 (N.D. Cal. Jan 29, 2020). Their reliance is misplaced because James Donato reasoning was solely based on *Katzberg v. Regents of the University of California*, 29 Cal.4th 300, 127 Cal. Rptr. 2d 482, 58 P.3d 339 (Cal. 2002). *Katzberg* held that Article I § 7 does not have a monetary remedy for damages, and that instead "article I, section 7(a) is enforceable only through an action for injunctive or declaratory relief, and not by an action for damages"

Here, there is no request for damages – only prospective injunctive relief. Under *Katzberg,* plaintiffs have standing to sue for injunctive relief to vindicate the rights of Sacramento Homeless Union members under the California State Constitution.

**Because *Katzberg* Permits Plaintiffs' Claims for Injunctive Relief, This Court Can Apply California Supreme Court Precedent To Apply Article I § I and Article I § 7 To A Case of First Impression.**

"The whole vital quality of constitutional government, from Magna Charta on, proceeds from impulse and desire of people to protect weak against strong and to secure the rights of feeble minorities *Whitcomb v Emerson (*A[[4 Dist 1941) 46 Cal. App. 2d 2563, 115 P.2d 892. The State Created Danger Doctrine is at the core of that ethos, both in the US and State Constitution. While this case may be one of first impression in applying the State Created Danger Doctrine to Article I § I and § 7, the California Supreme Court has laid out a road map for this court to apply these constitutional provisions to new situations like this one.

**Because Defendant Concedes That Plaintiffs Have Sufficiently Plead a 14th Amendment Claim Under The State Created Danger Doctrine, the Court Should**

*Plaintiffs' Opposition to City of Sacramento's Motion for Judgment on the Pleadings*

**Follow the California Supreme Court in *Gabrielle v Knickerbrocker* that a Viable Claim Under Article 1 § 7 Automatically Exists**

**Unless Defendants Can Prove "Cogent Reasons" To Depart From The US Supreme Court Decision *Deshaney v Winnebago*.**

The California Supreme Court has held since 1938 that "cogent reasons must exist before a state court in construing a provision of the state Constitution will depart from the construction placed by the Supreme Court of the United States on a similar provision in the federal Constitution."). *Gabrielli v. Knickerbocker*, 12 Cal.2d 85, 82 P.2d 391 (Cal. 1938) The State Legislature and voters sought to place the Fourteenth Amendment Due Process. as interpreted by the US Supreme Court, into the State Constitution. Their vision was realized in 1974 after the legislature conducted a four-year study for the ballot measure. The Voter Guide stated plainly that Article I § 7 was the Due Process Clause of the federal constitution; "[Prop 7] puts following three rights into the State Constitution. These rights presently contained in the federal Constitution…. A person may not be deprived of life, liberty, or property without due process of law"[1].

This was the same right "presently contained in the federal constitution" which was the Fourteenth Amendment Due Process Clause ""[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." The purpose then as it is now – to have the Due Process Clause exist within the State's Constitution. When two provisions of the State and Federal Constitution are identical, the California Supreme Court's has adopted a "policy of deference to United States Supreme Court decisions, a policy applicable in the absence of good cause for departure or deviation therefrom". *Raven v. Deukmejian*, 52 Cal.3d 336, 276 Cal. Rptr. 326, 801 P.2d 1077 (Cal. 1990). The only exception to this general principal is if there are ""cogent reasons,"

---

[1] Voter Information Guide for 1974, General Election. University of California, Hastings College of the Law UC Hastings Scholarship Repository
https://repository.uclawsf.edu/cgi/viewcontent.cgi?article=1803&context=ca_ballot_props

*Plaintiffs' Opposition to City of Sacramento's Motion for Judgment on the Pleadings*

"independent state interests," or "strong countervailing circumstances" that might lead our courts to construe similar state constitutional language differently from the federal approach." *Id.*

The burden then shifts to defendants to articulate "cogent reasons" why the Due Process Clause in the State Constitution should deviate from the federal Due Process Clause as interpreted by the US Supreme Court. *Id.*

In *DeShaney v. Winnebago Cty. DSS*, 489 U.S. 189 (1989), the Supreme Court clarified that the Due Process Clause contains within it the state-created danger doctrine. *DeShaney v. Winnebago Cty. DSS*, 489 U.S. 189 (1989). Is there a cogent reason for California State Constitution to deviate from the US Supreme Court? Defendants offer no suggestion, so the court should allow this claim to proceed.

**The Plain Language Of Article I § I Guarantees A Right To Pursue and Obtain Safety. Under *People v Monge,* This Should Be Construed To Offer Greater Safety Than What Exists Under Fourteenth Amendment Due Process Clause and Article I § 7**

Because there are no cogent reasons to deviate from the US Supreme Courts interpretation of Due Process Clause to contain the State Created Danger Doctrine, the question becomes whether California State Constitution offers more protection under the State Created Doctrine then its federal counterpart. "[The] California Constitution is a document of independent force and effect that may be interpreted in a manner *more* protective of defendants' rights than that extended by the federal Constitution" (*People v. Monge*, 16 Cal.4th 826, 66 Cal. Rptr. 2d 853, 941 P.2d 1121 (Cal. 1997)(emphasis added) . However, there is no reason to believe the State Constitution can be *less* protective than the US Constitution, since through the Fourteenth Amendment the US Constitution automatically creates the minimal standard of protections for California Citizens.

Here, there is good reason to interpret the California Constitution as being is more protective of plaintiffs' rights because of the express language in Article I § I. "Constitutional provisions must be construed to give full force and effect to every portion thereof. It is the legal intendment that

*Plaintiffs' Opposition to City of Sacramento's Motion for Judgment on the Pleadings*

Page | - 6 -

each and every clause has been inserted for a useful purpose and when rightly understood has some practical operation. (internal citation omitted)" Quoting from *In re Quinn*, 35 Cal.App.3d 473, 110 Cal. Rptr. 881 (Cal. Ct. App. 1973) "Nothing is more firmly settled than in ordinary circumstances, where it involves no ambiguity or absurdity, a statutory or constitutional provision requires no interpretation. "*Helping Hand Home v. San Diego*, 26 Cal.App.2d 452, 79 P.2d 778 (Cal. Ct. App. 1938). "When an Act is conceived in clear and precise terms--when the sense is clear and manifest and leads to nothing absurd, there can be no reason to refuse the sense which it naturally presents to the mind. To go elsewhere in search of conjecture in order to restrain or limit the instrument, would be but to elude its force. *Bourland v. Hildreth*, 26 Cal. 161 (Cal. 1864)". "An interpretation which gives effect is preferred to one which makes void".  Cal Civ Code 3541

      Article 1 § 1 states that the People of California "All people are by nature free and independent and have inalienable rights. Among these are … pursuing and obtaining safety." Blacks Law Dictionary defines "inalienable" as "the term given to the fundamental rights accorded to all people." The Cambridge English Dictionary defines inalienable as "unable to be removed" and Websters defines the word as "**:** incapable of being alienated, surrendered, or transferred."

      It is one thing to assert that a city such as Sacramento has a duty to provide safety to homeless persons during a heatwave.  In this case, this court found no such obligation and, accordingly, denied mandatory injunctive relief (denying plaintiffs' request for opening more cooling centers.). However, it is quite another thing for the state to *affirmatively **interfere*** with measures taken by unsheltered, unhoused persons to "pursue and obtain" safety, in this case, in the form of seeking refuge in areas where shade afforded a rudimentary but significant defense against direct, unprotected exposures to the burning sun and heat. That circumstance is synonymous with the affirmative creation of an *increased risk of harm*. That circumstance ***is*** state-created danger whether or not that precise term is used. To hold otherwise, to deny that under the California

*Plaintiffs' Opposition to City of Sacramento's Motion for Judgment on the Pleadings*

Page | - 7 -

Constitution the people have a *right* not to be subjected to conduct that abrogates the "pursuit" and the "obtaining" of safety is to render the constitution a nullity.

Finding that Article I Sections 1 and 7 of the California Constitution entail protection from state-created danger is not a radical proposition. There is a reason why the inalienable right to "pursue and obtain" safety, among other rights, appears in the very first article, the very first section of the original California Constitution, a document that has been amended 514 times since it was first adopted in 1849 without ever disturbing this fundamental right. The City of Sacramento would have this court declare that the government is free to disregard this fundamental right, to affirmatively interfere with measures that its citizens have already taken to be safe.

The plain language of Article 1 § 1 is that people have a right to obtain safety. No further interpretation is necessary. The question of the complaint is about unhoused people obtaining safety in excessive heat. Defendants have conceded the State Created Danger Doctrine as plead is viable. Article I § I must be applied, unless this court intends to make this part of the constitution void.

As already articulated above, the California State Constitution embraces at a minimum, the Due Process Clause currently interpreted by the Supreme Court. This necessarily includes the State Created Danger Doctrine. If the right to "pursue and obtain" safety is to have any meaning in the California Constitution, then Article I § I should give added protections under the State Created Danger Doctrine.

**Although Plaintiffs Believe the California Constitution Provides Protection Against State-Created Danger and the Doctrine Should be Recognized, this Court Can Deny the City's Motion Without Making an Express Finding on that Question.**

In ruling on the City's partial motion for judgment on the pleadings, the Court, as with a 12(b)(6) motion to dismiss, must accept as true plaintiffs' allegations and reasonable inferences drawn therefrom. Those facts set forth the deliberate indifference of the City of Sacramento to the foreseeable harm in clearing encampments during an extreme heat wave. The City has failed to produce any authority that unambiguously holds that California Law does not recognize the doctrine

*Plaintiffs' Opposition to City of Sacramento's Motion for Judgment on the Pleadings*

of state-created danger and nowhere in its brief does the City challenge the right to pursue and obtain safety and substantive due process guaranteed by Article I, Sections I and VII of the state Constitution. Taking plaintiffs' facts as true, the city violated the inalienable right of plaintiffs to take rudimentary measures to seek safety when it affirmatively increased the risk of harm. For this reason, plaintiffs urge the court to recognize, in what may be a case of first impression, that the doctrine of state-created danger does and must exist in California.

However, notwithstanding the above, plaintiffs understand how the Court may be hesitant to expressly rule as plaintiffs believe it should. At best, as the Court observed only last year in *Blaike v. El- Tawansy,* whether the doctrine of state-created danger is recognized under its supreme law, i.e., the California Constitution, is "unclear." Plaintiffs urge the Court to consider additional briefing and schedule a hearing on the motion, with expert legal and historical testimony. In any event, short of finding that the doctrine applies via the California Constitution, plaintiffs alternatively urge the Curt to find that the City has cited to only one case, *Shen v. Albany Unified School District*, which did no more than find that under Article I, Sections I and VII claims for damages are barred and was silent on the question of injunctive relief, the issue here. Consequently, the Court has the authority to find that Defendant has not met its burden and deny the motion on that basis.

Dated: November 6, 2023                                             Respectfully Submitted,
                                                                    /s/ Anthony D. Prince

                                                                    Law Offices of Anthony D. Prince

*Plaintiffs' Opposition to City of Sacramento's Motion for Judgment on the Pleadings*