SUSANA ALCALA WOOD, City Attorney (SBN 156366)
GÖKALP Y. GÜRER, Senior Deputy City Attorney (SBN 311919)
ggurer@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA 95814-2608
Telephone: (916) 808-5346
Facsimile: (916) 808-7455

Attorneys for the CITY OF SACRAMENTO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO HOMELESS UNION, a local of the CALIFORNIA HOMELESS UNION/STATEWIDE ORGANIZING COUNCIL, on behalf of itself and those it represents; BETTY RIOS; DONTA WILLIAMS; FALISHA SCOTT and all those similarly situated,<br><br>  Plaintiffs,<br><br> vs.<br><br>COUNTY OF SACRAMENTO, a political subdivision of the State of California; CITY OF SACRAMENTO, a municipal corporation; and DOES 1 – 100,<br><br>  Defendants. | Case No.: 2:22-cv-01095-TLN-KJN<br><br>DEFENDANT CITY OF SACRAMENTO'S REPLY IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS |

## I. ARGUMENT

In opposition to defendant CITY OF SACRAMENTO's (the "City") motion for partial judgment on the pleadings, plaintiffs SACRAMENTO HOMELESS UNION, BETTY RIOS, DONTA WILLIAMS, and FALISHA SCOTT provide no law or argument sufficient to withstand dismissal.

Plaintiffs do not counter let alone mention – and therefore concede – the City's assertion that plaintiffs cannot plead a violation of Health and Safety Code section 101025. This claim (fourth) can thus be easily dismissed.

Plaintiffs' opposition focuses instead on their second and third claims for violations of article I, sections 7 and 1 of the California Constitution, respectively. Again, plaintiffs concede – this time affirmatively – that they are unable to cite law establishing the facial validity of these claims. (Opposition at 2:5-7.) This concession alone warrants dismissal, as well.

In a desperate attempt to salvage these claims, plaintiffs ask this Court to create new, *state* law. (Opposition at 2:5-7.) In support, plaintiffs cite *Blaike v. El-Tawansy*, 2022 WL 3692647 (N.D. Cal. Aug. 25, 2022) for the proposition that the California Constitution confers a private right of action for state-created danger. However, *Blaike* merely mentioned in dicta that the California Constitution, just like the Fourteenth Amendment to the U.S. Constitution, contains a due process clause. *Id.* at *2. Nothing more.

In the same argument, plaintiffs also cite *Katzberg v. Regents of University of California*, 29 Cal.4th 300 (2002), arguing, "*Katzberg*, itself, makes it clear that while the similarity may not extend to a suit for damages, it is a very different story when it comes to the California Constitution as the basis for *injunctive* relief." (Opposition at 3:2-4.) *Katzberg* holds no such thing; nor is this proposition even in dicta. *See generally, Katzberg, supra*, 29 Cal.4th.

Plaintiffs finally argue that it is the City's burden to prove California law does not recognize a state-created danger claim. This assertion is so fundamentally incorrect[1] that the City is

---

[1] Plaintiffs' opposition contains other surprising statements. For instance, it opens with the assertion that this Court found, "the City of Sacramento's affirmative conduct … constituted a state-created danger." (Opposition at 1:21-26.) (emphasis added). This Court did not so rule. Rather, it found there is a likelihood of success on the merits as to that claim. (ECF No. 22 at 5:20-23, 20:18 fn. 9.) (emphasis added). It is a subtle, but major, distinction.

unsure how to address it other than by stating that it is plaintiffs – not defendants – who bear the burden of alleging facially plausible claims. Fed. R. Civ. P. 8(a); *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Plaintiffs provide no law or even persuasive argument to survive dismissal. Rather, plaintiffs' position appears to be that this case presents an opportunity for this Court to create new state law by extending the California Constitution to new lengths. (Opposition at 4:22-25.) ["While this case may be one of first impression in applying the State Created Danger Doctrine to Article I § I [sic] and § 7, the California Supreme Court has laid out a road map for this court to apply these constitutional provisions to new situations like this one."].

However, as the Northern District stated in *Shen*, "[I]t is emphatically not the role of this federal court to create new doctrines under the California state constitution." *Shen v. Albany Unified School District*, 436 F.Supp.3d 1305, 1315 (N.D. Cal. Jan. 29, 2020). The inquiry should thus end there.

Accordingly, the City respectfully requests this Court enter judgment for the City as to plaintiffs' second, third, and fourth claims while the parties await the Ninth Circuit's ruling on plaintiffs' first claim.

DATED: November 16, 2023
SUSANA ALCALA WOOD,
City Attorney

By: /s/ GÖKALP Y. GÜRER
GÖKALP Y. GÜRER
Senior Deputy City Attorney

Attorneys for the CITY OF SACRAMENTO