UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO HOMELESS UNION, et al.,

Plaintiffs,

v.

COUNTY OF SACRAMENTO, et al.,

Defendants.

No. 2:22-cv-1095-TLN-KJN

**ORDER**

This matter is before the Court on Defendant City of Sacramento's (the "City") Motion for Partial Judgment on the Pleadings.[1] (ECF No. 76.) Plaintiffs Sacramento Homeless Union, Betty Rios, Donta Williams, and Falisha Scott (collectively, "Plaintiffs") filed an opposition. (ECF No. 77.) The City filed a reply. (ECF No. 79.) For the reasons set forth below, the Court GRANTS the City's motion.

///

///

///

///

[1] Defendant County of Sacramento (the "County") did not join in this motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A full recitation of the factual background of this case is not necessary as the facts are set forth fully in the Court's prior order. (ECF No. 22.) In short, this case arises from the City and County's alleged failure to protect the unhoused during Sacramento's triple-digit heat waves. (ECF No. 1.) This case began on June 24, 2022, when Plaintiffs filed the Complaint and a motion for a temporary restraining order ("TRO"). (*Id.*) On July 29, 2022, the Court granted the TRO in part and enjoined the City from clearing homeless encampments during a 28-day period of excessive heat. (ECF No. 22.) On September 2, 2022, based on forecasts of continued excessive heat, the Court extended the TRO through September 23, 2022. (ECF No. 33.)

No further action in this case took place until the following summer. On August 1, 2023, during another period of excessive heat, Plaintiffs filed a renewed motion for a TRO. (ECF No. 36.) On August 3, 2023, the Court granted the TRO and again enjoined the City from clearing homeless encampments for fourteen days. (ECF No. 39.) On August 16, 2023, the Court extended the injunction through August 31, 2023, but also narrowed the injunction by carving out several exceptions based on a joint statement from the parties. (ECF No. 55.) The City filed a notice of interlocutory appeal on August 21, 2023. (ECF No. 57.)

On August 30, 2023, Plaintiffs filed a motion to extend and enlarge the injunction. (ECF No. 66.) On September 13, 2023, after considering fuller briefing from the parties, the Court denied Plaintiffs' motion. (ECF No. 74.) The Court found Plaintiffs failed to provide sufficient arguments or evidence regarding specific, imminent harm to the named Plaintiffs themselves and failed to demonstrate that all unhoused individuals were similarly situated. (*Id.* at 3–4.) The Court also concluded a further preliminary injunction prohibiting the clearing of all homeless encampments in Sacramento would be overly broad. (*Id.* at 4.) Lastly, the Court noted that Plaintiffs failed to address the City's intervening efforts to mitigate the danger to unhoused individuals and that there was a lack of evidence that excessive heat would persist through the remainder of September. (*Id.*)

On March 15, 2024, the Ninth Circuit dismissed the City's appeal as moot because the injunction at issue had expired. (ECF No. 80 at 1.) The Ninth Circuit also found the appeal did

not meet the standard for an exception to mootness. (*Id.*) Finally, the Ninth Circuit encouraged the parties to pursue mediation. (*Id.* at 2.) On March 29, 2024, the City filed a petition for rehearing. (Ninth Circuit Appeal No. 23-16123, Docket No. 61.) That petition is still pending in the Ninth Circuit.

The Complaint alleges the following claims: (1) a Fourteenth Amendment state-created danger claim under 42 U.S.C. § 1983; (2) violation of due process under Article I § 7 of the California Constitution; (3) violation of Article I § 1 of the California Constitution; (4) violation of California Health and Safety Code § 101025 against the City; and (5) violation of California Health and Safety Code § 101025 against the County. (ECF No. 1.) Both Defendants filed Answers to the Complaint in August 2022. (ECF Nos. 23, 27.)

The City filed the instant motion for partial judgment on the pleadings on October 23, 2023. (ECF No. 76.) The City seeks dismissal of Plaintiffs' state law claims against it (Claims Two, Three, and Four), which are not at issue in the pending appeal.[2]

## II. STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 12(c) provides that, "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." "Rule 12(c) is 'functionally identical' to Rule 12(b)(6)" and the "'same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989). Thus, to survive a motion for judgment on the pleadings, the pleadings "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion); *Johnson v. Rowley*, 569 F.3d 40, 43–44 (2d Cir. 2009) (same); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (same). "A claim has facial

---

[2] The Court's injunction was premised on a finding that Plaintiffs were likely to succeed on the merits of the § 1983 claim (Claim One). (ECF No. 39 at 5 ("Plaintiffs have shown a likelihood of success on a Fourteenth Amendment state-created danger claim."); ECF No. 55 at 4 (extending the prior injunction).)

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Thus, a motion for "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). However, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "Where a court grants a motion … for judgment on the pleadings under Rule 12(c), leave to amend should be freely given if it is possible that further factual allegations will cure any defect." *Lopez v. Regents of Univ. of Cal.*, 5 F. Supp. 3d 1106, 1113 (N.D. Cal. 2013).

## III. ANALYSIS

### A. Claims Two and Three

The City moves to dismiss Plaintiffs' second and third claims for violations of Article I, §§ 7 and 1 of the California Constitution, respectively, because California law does not recognize a state-created danger claim under those provisions. (ECF No. 76-1 at 5.) Although the City's argument for dismissal of Claims Two and Three is the same, the Court will address each claim separately as they involve different provisions of the California Constitution.[3]

#### *i. Claim Two*

In Claim Two, Plaintiff alleges a violation of Article I, § 7 of the California Constitution. (ECF No. 1 at 13.) Article I, § 7 states: "A person may not be deprived of life, liberty, or

[3] At the outset, the Court notes Plaintiffs' opposition lacks clarity. For example, Plaintiffs argue "even if no court has yet held with specificity that state-created danger is a valid claim under the California Constitution, neither has a court specifically held that no such claim may be made." (ECF No. 77 at 2.) Plaintiffs further argue the City "has the burden to show that recognition of state-created danger under the California Constitution has been disallowed." (*Id.*) Not only do Plaintiffs fail to cite any authority for these arguments, but such arguments also run contrary to well-established principles that require Plaintiffs to establish a prima facie claim. The Court has done its best to glean and address Plaintiffs' remaining arguments herein.

property without due process of law." The due process guarantee under the California Constitution has been construed consistently with the due process guarantee under the U.S. Constitution and in some cases extends broader protections. *Garfinkle v. Superior Court*, 21 Cal. 3d 268, 281–82 (1978).

Plaintiffs fail to cite — nor can the Court locate — any cases that have recognized a state-created danger claim under Article I, § 7. Not only do Plaintiffs fail to cite any California cases on point, but district courts have declined to recognize such a claim in the absence of California law on the issue. *See Blaike v. El-Tawansy*, No. 22-CV-04669-RS, 2022 WL 3692647, at *2 (N.D. Cal. Aug. 25, 2022) ("[I]t is unclear whether the California Constitution recognizes the state-created danger doctrine"); *see also Shen v. Albany Unified Sch. Dist.*, 436 F. Supp. 3d 1305, 1315 (N.D. Cal. 2020) (dismissing state-created danger claims brought under the California Constitution based on the "absence of any apparent foundation in California state law").[4]

Plaintiffs argue there is no "cogent reason to deviate from the U.S. Supreme Court's interpretations of the Due Process Clause to interpret Article I, § 7." (ECF No. 77 at 4.) Plaintiffs' argument seems to be that the Supreme Court recognizes the state-created danger doctrine in the Fourteenth Amendment's Due Process Clause, so this Court should extend the doctrine to the California Constitution even in the absence of state law on the issue. However, federal law on this issue is not entirely settled. While most circuits, including the Ninth Circuit, "have recognized the state-created danger doctrine as a substantive component of the Fourteenth Amendment's Due Process Clause," there are inconsistencies in how circuits apply the doctrine, and the Supreme Court has not provided clear guidance on the issue. *See Murguia v. Langdon*,

---

[4] Plaintiffs argue *Shen* is unpersuasive because the *Shen* court cited *Katzberg v. Regents of Univ. of Cal.*, 29 Cal. 4th 300 (2002), which held that an action for monetary damages was not available under Article I, § 7 despite being available under the federal due process clause. (ECF No. 77 at 2–3.) Plaintiffs argue *Katzberg* does not apply in this case because they seek injunctive and declaratory relief — not monetary damages. (*Id.* at 3.) Plaintiffs fail to convince the Court that this distinction is material, as it appears the *Shen* court cited *Katzberg* merely to illustrate the general proposition that similar federal and state constitutional provisions are not necessarily identical. *Shen*, 436 F. Supp. 3d at 1315 ("While the two constitutional provisions may be similar, they are not identical. . . .").

73 F.4th 1103, 1104 (9th Cir. 2023) (Bumatay, J., dissenting) (criticizing the state-created danger doctrine as having "no support in the text of the Constitution, the historical understanding of the 'due process of law,' or even Supreme Court precedent."); *see also Fisher v. Moore*, 73 F.4th 367, 374 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 569 (2024) (declining to adopt the state-created danger theory of constitutional liability).

In any event, in the absence of clear authority from California courts, the Court declines to interpret Article I, § 7 to include a state-created danger claim as a matter of first impression. *See Shen*, 436 F. Supp. 3d at 1315 ("[I]t is emphatically not the role of this federal court to create new doctrines under the California state constitution.").

*ii. Claim Three*

In Claim Three, Plaintiff alleges a violation of Article I, § 1 of the California Constitution. (ECF No. 1 at 14.) Article I, § 1 states: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Plaintiffs contend this provision provides even more protection than the Fourteenth Amendment and creates a state-created danger claim because it prevents the City from affirmatively interfering with measures taken by unhoused individuals to pursue and obtain safety during periods excessive heat. (ECF No. 77 at 6.)

Plaintiffs fail to cite — nor can the Court locate — any cases that have recognized a state-created danger claim under Article I, § 1. *See Harrison v. City & Cnty. of S.F.*, No. 20-CV-05178-JST, 2022 WL 20241964, at *6 (N.D. Cal. Apr. 19, 2022) (dismissing a claim that plaintiff had been deprived the guarantee of safety and the pursuit of happiness under Article I, § 1 as not cognizable). Thus, as with Claim Two, the Court finds Plaintiffs have provided insufficient authority to show this is a viable claim.

For these reasons, the Court GRANTS the City's motion as to Claims Two and Three. Because there is no California law demonstrating that a state-created danger claim currently exists under these provisions of the California Constitution, the Court concludes amendment would be futile. Therefore, the Court DISMISSES Claims Two and Three without leave to amend.

B. Claim Four

The City argues Plaintiffs' claim for violation of California Health and Safety Code § 101025 fails because this provision does not apply to the City and Plaintiffs fail to allege any factual allegations to support the claim. (ECF No. 76-1 at 8.) The Court agrees with Defendants. Plaintiffs cannot allege a California Health and Safety Code § 101025 claim against the City because it is not applicable to the City. Specifically, California Health and Safety Code § 101025 provides that "[t]he board of supervisors of each county shall take measures as may be necessary to preserve and protect the public health in the unincorporated territory of the county, including, if indicated, the adoption of ordinances, regulations and orders not in conflict with general laws, and provide for the payment of all expenses incurred in enforcing them." Plaintiffs fail to address the City's arguments or even mention this claim in their opposition. Therefore, the Court deems this claim to be abandoned. *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (noting that a claim can be deemed abandoned if its dismissal is unopposed).

Accordingly, the Court GRANTS the City's motion as to Claim Four and DISMISSES that claim without leave to amend.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS the City's Motion for Partial Judgment on the Pleadings without leave to amend. (ECF No. 76.) The case will proceed on the remaining claims against the City and County. The parties are ORDERED to file a Joint Status Report within thirty (30) days of the electronic filing date of this Order indicating their readiness to proceed to trial and proposing trial dates.

IT IS SO ORDERED.

Date: May 29, 2024

Troy L. Nunley
United States District Judge