LISA A. TRAVIS, County Counsel
[State Bar No. 184793]
JANICE M. SNYDER, Assistant County Counsel
   [State Bar No. 198673]
COUNTY OF SACRAMENTO
700 H Street, Suite 2650
Sacramento, CA  95814
Telephone:  (916) 874-5506
Facsimile:  (916) 874-8207
E-mail:  snyderja@saccounty.gov
File No.:  120257-000458

Attorneys for Defendants,
COUNTY OF SACRAMENTO

# UNITED STATES COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO HOMELESS UNION, a local of the CALIFORNIA HOMELESS UNION/STATEWIDE ORGANIZING COUNCIL, on behalf of itself and those it represents; BETTY RIOS; DONTA WILLIAMS; FALISHA SCOTT and all those similarly situated,<br><br>　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF SACRAMENTO, a political subdivision of the State of California; CITY OF SACRAMENTO, a municipal corporation; and DOES 1-100,<br><br>　　　Defendants. | Case No. 2:22-CV-01095-KJM-KJN<br><br>COUNTY OF SACRAMENTO'S NOTICE OF SUBMISSION OF SETTLEMENT CONFERENCE STATEMENT<br><br>Action Filed: June 24, 2022<br><br>Settlement Conference: September 23, 2024<br>Time:  9:30 a.m.<br>Department: Zoom/TBD<br>Judge: Honorable Chief Magistrate Carolyn K. Delaney |

## BACKGROUND

Plaintiffs Sacramento Homeless Union, Betty Rios, et al. allege the County of Sacramento ("County") and City of Sacramento ("City") (collectively "Defendants") violated Plaintiffs' civil rights and the California Health and Safety Code by failing to protect unsheltered residents from the heat by clearing homeless encampments and forcing occupants into more

-1-

precarious or heat-exposed locations, maintaining inadequate conditions at "Safeground" sites, opening an insufficient amount of cooling centers or air-conditioned locations, and failing to declare a local emergency related to weather conditions.

Based on these allegations, Plaintiffs have asserted five claims for relief: (1) State Created Danger in Violation of Due Process Guaranteed by the Fourteenth Amendment to the United States Constitution under 42 U.S.C. § 1983 against all defendants; (2) State-Created Danger in Violation of Due Process Guarantees under the California Constitution (Cal. Const. Art. I, §7) against all defendants; (3) Violation of Article I, Section 1 of the California Constitution against all defendants; (4) Violation of California Health and Safety Code Section 101025 against the City; and (5) Violation of California Health and Safety Code Section 101405 against the County.

The County has asserted the following separate and distinct affirmative defenses: (1) Plaintiffs have failed to state facts sufficient to constitute a cause of action; (2) Any requested relief is barred by the applicable statute of limitations; (3) All claims for relief are barred for failure to comply with the California Tort Claims Act; (4) All claims are completely or partially barred from recovery because their sole or partial negligence was the proximate cause of the acts and events alleged in the Complaint; (5) All claims are completely or partially barred from recovery because the sole or partial negligence of third parties was the proximate cause of the acts and events alleged in the Complaint.; (6) Plaintiffs knew about the risk, and voluntarily undertook the risk that led to the injuries and/or damage alleged in the Complaint; (7) All acts or omissions by Defendant, its agents, employees or representatives were performed fairly, in good faith and for a lawful purpose, and were reasonable and justified; (8) Plaintiffs failed and refused to mitigate their damages, if any there were, although they had an opportunity to do so; (9) Plaintiff Sacramento Homeless Union, a local of the California Homeless Union/Statewide Organizing Council, has failed to demonstrate that they have individual or representational standing; and (10) The acts or omissions alleged in the Complaint fall within the immunities and defenses described in section 800 through 995 of the California Government Code, including but not limited to, sections 815.2, 818.8, 820.2, 821.2, 822.2, 830.2, 831, 831.2, 835.4, 840.2, 840.4,

and 840.6.

**PROCEDURAL HISTORY**

On June 24, 2022, Plaintiffs filed the Complaint and a motion for a temporary restraining order (TRO) alleging the City and County failure to protect the unhoused during a Sacramento's heat waves. The Complaint alleges the following claims: (1) a Fourteenth Amendment state-created danger claim under 42 U.S.C. § 1983; (2) violation of due process under Article I § 7 of the California Constitution; (3) violation of Article I § 1 of the California Constitution; (4) violation of California Health and Safety Code § 101025 against the City; and (5) violation of California Health and Safety Code § 101025 against the County. (ECF No. 1.) The City and County both filed Answers to the Complaint in August 2022.

On July 29, 2022, the Court granted the TRO in part and enjoined the City from clearing homeless encampments during a 28-day period of excessive heat. On September 2, 2022, based on forecasts of continued excessive heat, the Court extended the TRO through September 23, 2022. The Court found the Plaintiffs failed to prove the County was conducting sweeps and no order was issued against the County.

On August 1, 2023, Plaintiffs filed a renewed motion for a TRO. On August 3, 2023, the Court granted the TRO and again enjoined the City from clearing homeless encampments for fourteen days. On August 16, 2023, the Court extended the injunction through August 31, 2023, but also narrowed the injunction by carving out several exceptions based on a joint statement from the parties. Again, no order was issued against the County. The City filed a notice of interlocutory appeal on August 21, 2023.

On August 30, 2023, Plaintiffs filed a motion to extend and enlarge the injunction. On September 13, 2023, after considering briefing from the parties, the Court denied Plaintiffs' motion. The Court found Plaintiffs failed to provide sufficient arguments or evidence regarding specific, imminent harm to the named Plaintiffs themselves and failed to demonstrate that all unhoused individuals were similarly situated. The Court also concluded a further preliminary

COUNTY OF SACRAMENTO'S NOTICE OF SUBMISSION OF SETTLEMENT CONFERENCE STATEMENT

1  injunction prohibiting the clearing of all homeless encampments in Sacramento would be overly
2  broad.
3       On March 15, 2024, the Ninth Circuit dismissed the City's appeal as moot because the
4  injunction at issue had expired. On March 29, 2024, the City filed a petition for rehearing, and
5  that petition is still pending in the Ninth Circuit.
6       The City filed a motion for partial judgment on the pleadings on October 23, 2023
7  seeking seeks dismissal of Plaintiffs' Claims Two, Three, and Four. On May 29, 2024, the Court
8  granted the City's motion and dismissed Claims Two, Three and Four without leave to amend.
9       On July 22, 2024, the Court set the matter for this settlement conference.

10 **COUNTY'S POSITION**

11       The Plaintiffs have alleged no actions on the part of the County, nor provided any
12 substantive evidence of actions, in their pleadings that support a claim of harm to unhoused
13 individuals. Accordingly, at no time during the pendency of this case has the Court found that the
14 Plaintiffs have provided evidence or arguments sufficient for an order to issue against the
15 County.
16      The allegations put forth in Plaintiffs' previously-filed declarations regarding actions by
17 the County either have failed to prove the action was done by a County employee (removal of an
18 unhoused person from Miller Park, which is within the City boundaries and to which the County
19 does not patrol or provide security services), or alleges conduct even if assumed true is not
20 relevant to or included in Plaintiffs' prayer for relief (unhoused individual living in vehicle asked
21 to move said vehicle due to being illegally parked). Additionally, Plaintiffs have provided no
22 evidence that the number of County operated cooling centers is insufficient or provided any legal
23 authority that would require the County to increase the number of cooling centers.
24      Plaintiffs' allegations are merely conclusory statements not supported by evidence.
25 There are simply no factual allegations that support Plaintiffs' argument that the County actually
26 placed any Plaintiff in a known or obvious danger.  Nor are there factual allegations to support
27 any claims that the County acted with deliberate indifference or placed any unsheltered
28

individual in a place of known danger. Plaintiffs' theories fail because they have not shown the County put Plaintiffs in a more dangerous situation then they have been in. The County has not engaged in any activities forcing any homeless individuals into "more dangerous circumstances of uncovered streets, sidewalks and triple-digit" heat. Essentially, the County has not taken an affirmative action to create or expose Plaintiffs to a danger they would not have otherwise faced. In fact, the County has proactively worked to open cooling centers, public libraries, and community centers to offer respite from the heat. Together, there are at least seventeen cooling sites already open in the unincorporated County in addition to those operated by the City.

Additionally, Plaintiffs allegation of a state-created danger claim in violation of Article I, § 1 of the California Constitution fails as Plaintiffs do not provide any authority to suggest that other courts have recognized a state-created danger claim under this section of the California Constitution, nor do they provide any authority at all other than mere citation to this specific provision of the California Constitution. Accordingly, Plaintiffs' claims of violation of due process are without merit and Plaintiffs fail to provide any factual support for their First, Second and Third Claims for Relief.

The Plaintiffs' Fourth Claim for Relief is against only the Defendant City and is not addressed here.

Plaintiffs' Fifth Claim for Relief alleges that the County violated California Health and Safety Code Section 101405, which sets forth the powers and duties of the county health officer and deputies under contract. There are no allegations in Plaintiffs' Complaint that name these individuals and as such, this statute is inapplicable. While not required to, even if County construes Plaintiffs' reference to Section 101405 to be an error and interprets this claim as alleging a violation of Section 101025, Plaintiffs fail to offer any support, either legal or factual, that the County violated Section 101025 or that its actions are inconsistent with Government Code Section 8558(c), a provision of the California Emergency Services Act.

The County has taken measures necessary to preserve and protect the public health of those within the unincorporated County area in accordance with state laws governing local

emergencies and the protection of public health. While Plaintiffs appear to disagree with the County's policies and response to extreme heat, the County's efforts are consistent with state law and are a valid exercise of their policymaking discretion.

**NATURE OF RELIEF SOUGHT**

Plaintiffs seek the Court's intervention to compel Defendants to declare a local emergency pursuant to Government Code Section 8558(c) whenever temperatures reaching or exceeding 90 degrees Fahrenheit are forecasted, expand the number of designated cooling centers to twenty (20) and keep all open on a 24-hour basis; use public address equipment to notify unhoused person of where transportation to cooling centers can be found, provide water to unhoused individuals; provide three nutritional meals per day, potable water, cold storage for all "Safeground" sites when temperatures predicted to be over 90 degrees Fahrenheit; enjoin defendants from clearing homeless encampments unless non-congregant, accessible, safe, indoor accommodations are available, retain jurisdiction, and other relief deemed appropriate by the Court.

However, Plaintiffs' action consists of conclusory and factually inaccurate assertions and fails to articulate any legal authority or produce sufficient evidence to warrant judicial action.

**Settlement Discussions:**

In June 2024, the parties engaged in informal settlement discussions, however, no agreement was reached.

I declare under penalty of perjury under the laws of the United States that the information provided herein reflects my good faith belief in the accuracy of the responses as true and correct.

DATED: 9/16/24

LISA A. TRAVIS, County Counsel
Sacramento County, California

By: _____
Janice M. Snyder
Assistant County Counsel