SUSANA ALCALA WOOD, City Attorney (SBN 156366)
GÖKALP Y. GÜRER, Senior Deputy City Attorney (SBN 311919)
ggurer@cityofsacramento.org
CITY OF SACRAMENTO
915 I Street, Room 4010
Sacramento, CA  95814-2608
Telephone:  (916) 808-5346
Facsimile:   (916) 808-7455

Attorneys for the CITY OF SACRAMENTO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO HOMELESS UNION, a local of the CALIFORNIA HOMELESS UNION/STATEWIDE ORGANIZING COUNCIL, on behalf of itself and those it represents; BETTY RIOS; DONTA WILLIAMS; FALISHA SCOTT and all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, a political subdivision of the State of California; CITY OF SACRAMENTO, a municipal corporation; and DOES 1 – 100,<br><br>Defendants. | Case No.:  2:22-CV-01095-TLN-CSK<br><br>DEFENDANT CITY OF SACRAMENTO'S REPLY IN SUPPORT OF MOTION TO MODIFY THE INITIAL PRETRIAL SCHEDULING ORDER |

Defendant CITY OF SACRAMENTO (the "City") hereby submits this Reply in support of its Motion to Modify the Court's Initial Pretrial Scheduling Order.

## I.    ARGUMENT

The City's position is that it could not have attacked the State-Created Danger claim prior to the dispositive motion filing deadline because, pursuant to *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), the District Court was divested of jurisdiction over that claim during the pendency of the City's appeal to the Ninth Circuit.

In their Opposition, plaintiffs SACRAMENTO HOMELESS UNION, BETTY RIOS, DONTA WILLIAMS, and FALISHA SCOTT argue that "*Griggs* does not apply to appeals of the granting or denial of motions for injunctive relief." (ECF No. 103, p. 4, lines 14-15.) In support, plaintiffs cite to *Plotkin v. Pacific Tel. and Tel. Co*, 688 F.2d 1291 (9th Cir. 1982) for its holding, "that an appeal from an interlocutory order does not stay the proceedings, as it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *Id.* at 1293. And in an attempt to illustrate *Plotkin*'s application here, plaintiffs cite to a single case: *Rouser v. White*, 707 F.Supp.2d 1055 (E.D. Cal. Apr. 15, 2010).

### A. *Rouser* is Plainly Distinguishable Because a Ninth Circuit Opinion Would Have Implicated this Court's Ability to Adjudicate the State-Create Danger Claim.

*Rouser* involved a *pro se* prisoner lawsuit against seven defendants: (1) Theo White, Warden of California State Prison—Sacramento; (2) James Gomez, former Director of CDCR; (3) Matthew Cate, Secretary of CDCR; (4) James Yates, Warden of Pleasant Valley State Prison; (5) Brian Haws, Warden of California State Prison—Los Angeles County); and Correctional Counselors (6) P. Ortiz and (7) B. Flores. Generally, the plaintiff alleged these defendants infringed upon his ability to practice his religion. *See id.* at 1060. Two of the defendants—Gomez and White[1]—filed a motion for summary judgment on the grounds that they were

---

[1] The published opinion contains a typo. The heading and the first paragraph of Section III(A)(1) provide that defendants Gomez and Ortiz appealed the Eastern District's order, when in actuality it is Gomez and <u>White</u> that appealed. The typo is made two times: (1) in the bolded heading where it states, "Whether Defendants Gomez's and Ortiz's Interlocutory Appeal…;" and (2) in the first line of the first paragraph directly below the heading, where it states, "On May 14, 2009, this court denied defendants Gomez's and Ortiz's motion for summary judgment…" *Rouser, supra*, 707 F.Supp.2d at 1062. That this is in fact a typo is easily confirmed upon a reading of the referenced order

2
CITY'S REPLY ISO MOTION TO MODIFY THE INITIAL PRETRIAL SCHEDULING ORDER
1461147

entitled to qualified immunity for violation of the Free Exercise Clause and the Equal Protection Clause. *Id.* at 1062. The Eastern District denied the motion, and Gomez and White accordingly filed a notice of appeal as to the "denial of their motion for summary judgment asserting the defense of qualified immunity from all damages asserted in plaintiff's Third Amended Complaint." *Id.* While the appeal was still pending, the plaintiff moved for a preliminary injunction against defendants Cates and Haws, the successors in office to defendants Gomez and White. *Id.* In opposition to the plaintiff's injunction request, Cates and Haws argued that the Eastern District did not have jurisdiction to enter a preliminary injunction during their appeal "because their liability for injunctive relief was 'necessarily intertwined with the question on appeal.'" *Id.* This was the first question presented to the Eastern District, more specifically, whether the interlocutory appeal of the court's order denying qualified immunity barred the court's ability to issue a preliminary injunction. *Id.*

The Eastern District was not persuaded by the defendants' arguments that "any matter that seems somewhat related to the matter on appeal constitutes the same "phase[ ] of the case." *Id.* at 1063. The court reasoned that the issues on appeal did not implicate the issues that were not on appeal. *Id.* As an example, the court stated, "if the Ninth Circuit were to reverse this court's decision as to whether Gomez and White are entitled to qualified immunity on the grounds that the law was not clearly established, this decision would not effect [sic] Cate's and Haws' liability." *Id.* As another example, the court stated, "[t]he appeal only concerns the extent to which White and Gomez are liable in their individual capacities for damages, and not in the official capacity for injunctive relief. *Id.* In so reasoning, Senior District Judge Lawrence Karlton held that the pending appeal did not prevent the court from issuing a preliminary injunction. *Id.* at 1064.

*Rouser* is easily distinguished from the situation here. Plaintiffs' Complaint asserts four claims for relief against the City (1 federal and 3 state law). (ECF No. 1.) Plaintiffs sought a preliminary injunction premised entirely on their federal claim for State-Created Danger, and which the Court granted on August 16, 2023. (ECF No. 55.) The City appealed that order to

denying summary judgment. *Rouser v. White*, 630 F.Supp.2d 1165, 1188 (E.D. Cal. May 15, 2009) ("First, defendants Gomez and White argue …"). The City therefore uses the names Gomez and White in its analysis here.

the Ninth Circuit on August 21, 2023 (ECF No. 57.), and while the appeal was still pending, the City filed a Motion for Judgment on the Pleadings as to the three state law claims. (ECF No. 76.) In *Rouser*, Judge Karlton reasonably concluded that the Ninth Circuit's decision as to whether Gomez and White were entitled to qualified immunity would not affect the liability of Cates and Haws. *Rouser, supra*, 707 F.Supp.2d at 1063. Here, however, the Ninth Circuit's decision on whether plaintiffs would likely succeed in establishing a claim for State-Created Danger (the *Winter* standard) would undoubtedly implicate the City's ability to put before the Court the issue of whether plaintiffs' allegations, if taken as true, establish the same claim (the *Twombly/Iqbal* standard). If the Ninth Circuit had answered in the negative—*i.e.*, that plaintiffs cannot establish a State-Created Danger Claim—then the Court here would be bound to follow that directive and dismiss the claim. This is precisely why District Courts are divested of jurisdiction under such circumstances, "to avoid confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988) *Rouser* is therefore not persuasive.

B. Plaintiffs' Remaining Arguments are Unclear and Confusing.

Plaintiff then makes several assertions whose significance is unclear. They will be addressed briefly.

Plaintiffs first cite to *Melendres v. Arpaio*, 695 F.3d 990 (9th Cir. 2012), an appeal from an order granting partial injunctive relief. Plaintiffs emphasized the following quote in their Opposition: "Thus, we treat the Order as granting only preliminary injunctive relief. As a result, our task on this appeal is to determine whether the district court's partial, preliminary injunctive relief was appropriate—a limited form of review." *Melendres, supra*, 695 F.3d at 996. However, the quoted language (or the case in general) has no bearing on the City's Motion, and plaintiffs do not otherwise explain how *Melendres* applies here.

Plaintiffs next argue that the City's "reliance" on *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), "is misplaced." (ECF No. 103, p. 6, lines 12-13.) However, the City merely cited to *Johnson* for its rule statement articulating the "good cause standard under Rule 16(b)(4). It is thus unclear what plaintiff is here arguing.

4
CITY'S REPLY ISO MOTION TO MODIFY THE INITIAL PRETRIAL SCHEDULING ORDER
1461147

Plaintiff finally argues that the City "misappl[ied] this court's ruling" in *Warden v. Cowan*, 2023 WL 2480752 at *2 (E.D. Cal. Mar. 13, 2023) and *Davis v. New York Life Insurance Company*, 2024 WL 4505607 at *2 (E.D. Cal. Oct. 16, 2024).  Again, the City merely cited to *Davis* for the same reason it cited to *Johnson*, as mentioned above (its rule statement).  As to *Warden*, plaintiffs argue *Warden* is unpersuasive because it involved an appeal from an order on partial summary judgment, not a preliminary injunction.  However, plaintiffs baldly state this conclusion without providing anything more.

## II.   CONCLUSION

Plaintiffs have not cited to any law or articulated any argument as to why an interlocutory appeal from an order granting a preliminary injunction cannot stay an aspect of a case.  Rather, and perfectly in line with *Plotkin, supra*, the City proceeded with "other phases of the case" during the pendency of the appeal, *i.e.*, moving to dismiss the three state law claims.  The City thus respectfully requests the Court modify its Initial Pretrial Scheduling Order to extend the dispositive motion filing deadline so that the City may provide the Court with an opportunity to dismiss a claim (and lawsuit with it) that is not suitable for trial.

DATED:  November 25, 2024

SUSANA ALCALA WOOD,
City Attorney


By:   /s/ Gökalp Y. Gürer
GÖKALP Y. GÜRER
Senior Deputy City Attorney

Attorneys for the
CITY OF SACRAMENTO

PROOF OF SERVICE

CASE NAME: Sacramento Homeless Union v. County of Sacramento, et al.
COURT: Eastern District of California
CASE NUMBER: 2:22-cv-01095-TLN-KJN

I declare that:

I am employed in the County of Sacramento, California. I am over the age of eighteen years and not a party to this action; my business address is 915 I Street, Room 4010, Sacramento, CA 95814-2604. On the date executed below, I served the following document(s):

DEFENDANT CITY OF SACRAMENTO'S REPLY IN SUPPORT OF MOTION TO MODIFY THE INITIAL PRETRIAL SCHEDULING ORDER

[X ] By Electronic Service. Based on a court order or an agreement of the parties to accept electronic service. I caused the documents to be sent to the persons at the electronic service addresses listed below.

addressed as follows:

<u>Attorneys for Plaintiffs</u>
Anthony D. Prince
Law Offices of Anthony D. Prince
2425 Prince Street, Suite 100
Berkeley, CA 94705
princelawoffices@yahoo.com

<u>Attorneys for Defendant County of Sacramento</u>
Rick J. Heyer
County of Sacramento
700 H Street
Sacramento, CA 95814
heyerr@saccounty.gov
guthriekr@saccounty.gov
r_heyer@hotmail.com

I declare under penalty of perjury that the foregoing is true and correct, and that the declaration was executed on November 25, 2024, at Sacramento, California.

/s/ Marissa Nevarez
Marissa Nevarez

1
PROOF OF SERVICE

1198576