UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO HOMELESS UNION, et al., <br><br> Plaintiffs, <br> v. <br> CITY OF SACRAMENTO, <br><br> Defendant. | No. 2:22-cv-01095-TLN-CSK <br><br><br> **ORDER** |

This matter is before the Court on Defendant City of Sacramento's (the "City") Motion to Modify the Scheduling Order. (ECF No. 101.) Plaintiffs Sacramento Homeless Union, Betty Rios, Donta Williams, and Falisha Scott (collectively, "Plaintiffs") filed an opposition. (ECF No. 103.) The City filed a reply. (ECF No. 106.) For the reasons set forth below, the City's motion is DENIED.

///
///
///
///
///
///

1

## I.     Factual and Procedural Background

A full recitation of the factual background is not necessary as the facts are set forth fully in the Court's prior order. (ECF No. 22.) In short, this case arises from the City's alleged failure to protect unhoused individuals during Sacramento's triple-digit heat waves.[1] (ECF No. 1.) This case began almost three years ago, on June 24, 2022, when Plaintiffs filed the Complaint and a motion for a temporary restraining order ("TRO"). (*Id.*) On July 29, 2022, the Court granted the TRO in part and enjoined the City from clearing homeless encampments during a 28-day period of excessive heat. (ECF No. 22.) On September 2, 2022, based on forecasts of continued excessive heat, the Court extended the TRO through September 23, 2022. (ECF No. 33.)

No further action in this case took place until the following summer. On August 1, 2023, during another period of excessive heat, Plaintiffs filed a renewed motion for a TRO. (ECF No. 36.) On August 3, 2023, the Court granted the TRO and again enjoined the City from clearing homeless encampments for fourteen days. (ECF No. 39.) On August 16, 2023, the Court extended the injunction through August 31, 2023, but also narrowed the injunction by carving out several exceptions based on a joint statement from the parties. (ECF No. 55.) The City filed a notice of interlocutory appeal on August 21, 2023. (ECF No. 57.)

On August 30, 2023, Plaintiffs filed a motion to extend and enlarge the injunction. (ECF No. 66.) On September 13, 2023, after considering fuller briefing from the parties, the Court denied Plaintiffs' motion. (ECF No. 74.) The Court found Plaintiffs failed to provide sufficient arguments or evidence regarding specific, imminent harm to the named Plaintiffs themselves and failed to demonstrate that all unhoused individuals were similarly situated. (*Id.* at 3–4.) The Court also concluded a further preliminary injunction prohibiting the clearing of all homeless encampments in Sacramento would be overly broad. (*Id.* at 4.) Lastly, the Court noted that Plaintiffs failed to address the City's intervening efforts to mitigate the danger to unhoused individuals and that there was a lack of evidence that excessive heat would persist through the remainder of September. (*Id.*)

---

[1]     Plaintiffs also sued Sacramento County. (ECF No. 1.) On September 23, 2024, the case settled as to the County, and the Court dismissed the County from this action. (ECF Nos. 95, 99.)

1       On March 15, 2024, the Ninth Circuit dismissed the City's interlocutory appeal as moot
2  because the injunction at issue had expired. (ECF No. 80 at 1.) The Ninth Circuit also found the
3  appeal did not meet the standard for an exception to mootness. (*Id.*) The Ninth Circuit issued its
4  mandate on September 18, 2024, after denying the City's petition for rehearing. (ECF No. 94.)
5       On October 23, 2024, the Court issued a minute order stating that all discovery and
6  dispositive motion deadlines had passed and setting the case for trial for August 18, 2025. (ECF
7  No. 100.) On October 25, 2024, the City filed the instant motion to modify the Scheduling Order
8  pursuant to Federal Rule of Civil Procedure ("Rule") 16. (ECF No. 101.) The City requests the
9  Court extend the dispositive motion deadline to allow the City to file a motion for judgment on
10 the pleadings as to the only remaining claim in the Complaint, a Fourteenth Amendment state-
11 created danger claim under 42 U.S.C. § 1983 ("§ 1983").[2] (ECF No. 101.)

## II.   STANDARD OF LAW

Rule 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citations and quotations omitted). "The prejudice to opposing parties, if any, may provide additional grounds for denying the motion, but the focus is on the moving party's reason for seeking the modification." *Atayde v. Napa State Hosp.*, No. 116-CV-00398-DAD-SAB, 2020 WL 1046830, at *3 (E.D. Cal. Mar. 4, 2020). If the moving party was not diligent, then good cause cannot be shown, and the inquiry should end. *Johnson*, 975 F.2d at 609.

///

---

[2] The City filed a partial motion for judgment on the pleadings as to Plaintiffs' state law claims on October 23, 2023, the last day of the dispositive motion deadline. (ECF No. 76.) On May 30, 2024, the Court granted the motion and dismissed Plaintiffs' state law claims against the City without leave to amend. (ECF No. 82.)

### III.   ANALYSIS

The City argues good cause to modify the Scheduling Order exists for two reasons: (1) it was unable to challenge the § 1983 claim earlier because the Court was divested of jurisdiction during the interlocutory appeal of the TRO, which was based on the § 1983 claim; and (2) it acted diligently in seeking a modification after the Ninth Circuit issued its mandate on September 18, 2024.  (ECF No. 101 at 5–6.)  The City also argues Plaintiffs would not be prejudiced if the Court modifies the Scheduling Order.  (*Id*.)  In opposition, Plaintiffs argue, among other things, that the City could have filed a motion for judgment on the pleadings as to the § 1983 claim anytime between when the Complaint was filed on June 24, 2022, and the dispositive motion deadline of October 23, 2023.  (ECF No. 103 at 2.)

The Court concludes that irrespective of whether the interlocutory appeal divested the Court of jurisdiction over the § 1983 claim and whether the City was diligent after the appeal concluded, the City was not diligent prior to the appeal.  Plaintiffs filed the Complaint and the first TRO on June 24, 2022.  (ECF No. 1.)  In opposition to the first TRO, the City argued Plaintiffs were not likely to succeed on the merits of their § 1983 claim.  (ECF No. 19 at 4–5.)  Rather than challenge the pleadings, however, the City filed an answer on August 3, 2022.  (ECF No. 23.)  The City fails to explain why it did not file a motion for judgment on the pleadings as to the § 1983 claim anytime thereafter, especially considering Plaintiffs filed a similar TRO in August 2023 and the City again argued Plaintiffs were not likely to succeed on the § 1983 claim.  (ECF No. 45 at 14–18.)  The City filed the appeal on August 21, 2023, approximately two months before the dispositive motion deadline.  (ECF No. 57.)  Despite knowing that the dispositive motion deadline was approaching, the City did not move to modify the Scheduling Order or otherwise notify the Court of its intent to file a motion for judgment on the pleadings prior to filing the notice of appeal.

Further, in a status report filed on June 28, 2024, the City stated it anticipated filing a motion for summary judgment.  (ECF No. 85.)  On July 2, 2024, the Court notified the parties that the dispositive motion deadline had passed and requested trial dates.  (ECF No. 86.)  The City did not indicate in a subsequent joint status report that it intended to file a motion to modify

4

1   the Scheduling Order or a motion for judgment on the pleadings.  (ECF No. 87.)  Indeed, the City
2   did not file the instant motion to modify the Scheduling Order until the Court set this matter for
3   trial after not having heard from the City or Plaintiffs for a month after the Ninth Circuit issued its
4   mandate and the parties attended a settlement conference.  (ECF No. 100.)

5   For all these reasons, the Court finds there is no good cause to modify the scheduling
6   order because the City has not been diligent.  *See Jackson v. Laureate, Inc*., 186 F.R.D. 605, 608–
7   09 (E.D. Cal. 1999) (finding plaintiff did not satisfy the Rule 16 standard because she failed to
8   demonstrate she was unable to comply with the Scheduling Order due to unforeseen
9   circumstances and she failed to act diligently after realizing she was unable to comply).

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES the City's Motion to Modify the Scheduling Order.  (ECF No. 101.)

IT IS SO ORDERED.

Date: April 30, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE