UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO HOMELESS UNION, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SACRAMENTO, <br><br> Defendant. | No. 2:22-cv-01095-TLN-CSK <br><br> **FINAL PRETRIAL ORDER** <br><br> Trial Date: August 18, 2025 <br> TIME: 9:00 a.m. |

This Court held a Final Pretrial Conference on June 12, 2025. Plaintiffs Sacramento Homeless Union, Betty Rios, Donta Williams, and Falisha Scott ("Plaintiffs") are represented by Anthony David Prince. Defendant City of Sacramento ("the City") is represented by Gokalp Gurer and Katherine Underwood. After the hearing, the Court makes the following findings and orders:

**I.      JURISDICTION / VENUE**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343. Venue is appropriate in the Eastern District of California, Sacramento Division, under 28 U.S.C. § 1391(b).

///

1

## II. DATE AND LENGTH OF TRIAL

Trial is scheduled for **Monday, August 18, 2025**. The Court will allow up to seven (7) days for trial. The parties shall contact the Courtroom Deputy Clerk, Michele Krueger, **ten (10) days before trial** to confirm it is still scheduled to proceed on Monday, August 18, 2025.

## III. TIME LIMITS FOR OPENINGS AND CLOSINGS

The Court grants Plaintiffs sixty (60) minutes for opening and sixty (60) minutes for closing. The Court grants the City thirty (30) minutes for opening and forty-five (45) minutes for closing.

## IV. UNDISPUTED FACTS

1. During the relevant time period, the City established a sanctioned encampment in Miller Park where homeless residents were provided with tents, water, food and were able to store medications in a refrigerator.

## V. DISPUTED FACTUAL ISSUES

1. Whether during the relevant time period, temperatures in Sacramento were excessive as defined in the City's encampment removal policy to describe temperatures 90 degrees F. or greater.
2. Whether while the injunction was in place in the summer of 2023, the City cleared homeless persons from the Sacramento City Hall Plaza.
3. Whether during period of excessively high temperatures, unsheltered persons are at risk for heat stress, heat stroke, and hypothermia that could result in great bodily harm and/or death.
4. Whether the City's official website provides links to government health and safety agencies that contain information about unsheltered persons' increased susceptibility to harm if they are exposed to excessively high temperatures.
5. Whether the City was prevented from maintaining, cleaning, and abating serious risks to public health at homeless encampments during the relevant time period.
6. Whether during the relevant time period, the City did not receive any reports of vandalism, destruction or damage to facilities defined by the City as critical infrastructure.

Plaintiffs contend the following factual issues are disputed:

1. Whether shade offers protection from excessive heat.

The City's Position:

1. Plaintiffs conducted no fact or expert discovery, so it is unknown what other facts or assertions may be in dispute.

**7. DISPUTED EVIDENTIARY ISSUES & MOTIONS *IN LIMINE***

The Court sets the filing deadline for motions *in limine* as **July 21, 2025**, with opposition briefs due by **July 28, 2025**, and reply briefs due by **August 4, 2025**. The Court set a hearing to rule on the motions *in limine* to take place on the first day of trial on **August 18, 2025,** at 9:00am in Courtroom 2 before Judge Troy L. Nunley.

**8. SPECIAL FACTUAL INFORMATION**

Plaintiffs' Position:

**(iv) In tort actions for personal injury, wrongful death, or property damage:**

1. Plaintiffs will introduce evidence to show factual basis for allegation that the City's practice of clearing homeless encampments during periods of excessive heat placed plaintiffs at risk for great bodily harm and death.
2. Plaintiffs will introduce evidence to show factual basis for allegation that the City's practice of clearing homeless encampments during periods of excessive heat placed Plaintiffs at risk for great bodily harm and death.

The City's Position:

1. The City argues this is not applicable.

**9. RELIEF SOUGHT**

Plaintiff seeks the following:

Plaintiffs seek compensatory damages for the period during which the City was closing homeless encampments during periods of excessive heat, loss of personal property, aggravation of underlying medical conditions, pain and suffering, emotional distress. Plaintiffs seek a permanent injunction restraining the City from clearing homeless encampments from 72 hours before predicted excessive temperatures, as that term is defined in the City's encampment

protocols and continuing as long as temperatures remain at excessive levels or are forecasted to return within 72 hours of the last day during which the injunction is in place, with the Court retaining jurisdiction or appointing a special master to monitor compliance.

The City seeks the following:

The City seeks to recover allowable costs.

**10. POINTS OF LAW**

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court no later than **fourteen days** prior to the date of trial in accordance with Local Rule 285.

**11. ABANDONED ISSUES**

Neither the parties nor the court have identified any abandoned issues.

**12. WITNESSES**

Plaintiff and the City's lists of prospective witnesses are memorialized in the Joint Pretrial Statement and are incorporated herein.

A.   No other witnesses will be permitted to testify unless: (1) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Final Pretrial Conference, or (2) the witness was discovered after the Final Pretrial Conference and the proffering party makes the showing required in section B below.

B.   Upon the post-pretrial discovery of witnesses, the attorney shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify.  The evidence will not be permitted unless: (1) the witnesses could not reasonably have been discovered prior to pretrial; (2) the Court and opposing counsel were promptly notified upon discovery of the witnesses; (3) if time permitted, counsel proffered the witnesses for deposition; and (4) if time did not permit, a reasonable summary of the witnesses' testimony was provided by opposing counsel.

**13. EXHIBITS — SCHEDULES AND SUMMARIES**

Plaintiff and the City's lists of proposed exhibits are memorialized in the Joint Pretrial

1  Statement and are incorporated herein.

2  Plaintiff's exhibits shall be listed numerically. The City's exhibits shall be listed
3  alphabetically. The parties shall use the standard exhibit stickers provided by the Court Clerk's
4  Office: pink for Plaintiffs and blue for the City. After three letters, note the number of letters in
5  parenthesis (i.e., "AAAA(4)") to reduce confusion during the trial. All multi-page exhibits shall
6  be fastened together and each page within the exhibit shall be numbered. All photographs shall
7  be marked individually. The list of exhibits shall not include excerpts of depositions which may
8  be used to impeach witnesses.

9  Each party may use an exhibit designated by the other. In the event that Plaintiff and the
10 City offer the same exhibit during trial, that exhibit shall be referred to by the designation the
11 exhibit is first identified. The Court cautions the parties to pay attention to this detail so that all
12 concerned will not be confused by one exhibit being identified with both a number and a letter.

13 A. The Court will not permit introduction of other exhibits unless: (1) the party
14 proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which
15 could not be reasonably anticipated at the Pretrial Scheduling Conference, or (2) the exhibit was
16 discovered after the Pretrial Scheduling Conference and the proffering party makes the showing
17 required in paragraph "B" below.

18 B. Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform
19 the Court and opposing counsel of the existence of such exhibits so that the Court may consider at
20 trial their admissibility. The exhibits will not be received unless the proffering party
21 demonstrates: (1) the exhibits could not reasonably have been discovered prior to pretrial; (2) the
22 Court and counsel were promptly informed of their existence; (3) counsel forwarded a copy of the
23 exhibit(s) (if physically possible) to opposing counsel. If the exhibit(s) may not be copied, the
24 proffering counsel must show that he or she has made the exhibit(s) reasonably available for
25 inspection by opposing counsel.

26 C. As to each exhibit, each party is ordered to exchange a copy identical to the
27 Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) **no later than**
28 **August 11, 2025.**

D. The attorney or representative for each party is directed to present one copy of the exhibit(s) and exhibit list to the Court Clerk's Office, **no later than 3:00 p.m., on August 11, 2025**, or at such earlier time as may be ordered by the Court. The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter. Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.

E. It is the duty of counsel to ensure that witnesses have access to a copy of exhibit(s) if needed.

### 14. DISCOVERY DOCUMENTS

A. <u>Lodging Deposition Transcripts and Video Files</u>

It is the duty of counsel to ensure that any deposition transcripts which are to be used at trial have been lodged with the Clerk of the Court **no later than August 11, 2025**. The parties are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

B. <u>Use of Depositions</u>

If the parties intend to use depositions at trial, they are ordered to file with the Court and exchange between themselves **no later than August 11, 2025,** a final statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

C. <u>Interrogatories and Admissions</u>

To the extent the parties intend to offer or read into evidence any portions of Answers to Interrogatories or Admissions, a statement designating those discovery responses shall also be filed and exchanged **no later than August 11, 2025** (except portions to be used only for impeachment or rebuttal).

### 15. FURTHER DISCOVERY OR MOTIONS

Discovery is closed and the deadline to file dispositive motions has passed. Plaintiffs seek to reopen discovery but have not filed a motion making this request. The City does not anticipate filing any further motions aside from motions *in limine*.

**16. STIPULATIONS**

Plaintiffs argue the City should stipulate to certain facts as a matter of judicial economy. Aside from stipulating to one undisputed fact, the City states no other stipulations are applicable.

**17. AMENDMENTS**

The parties do not anticipate any further amendments.

**18. SETTLEMENT CONFERENCE**

At the Final Pretrial Conference, both parties agreed to a settlement conference. The Court scheduled a settlement conference to occur before **Magistrate Judge Sean C. Riordan on August 1, 2025.**

**19. AGREED STATEMENTS — JOINT STATEMENT OF CASE**

The parties are directed to meet and confer and to attempt to agree upon a joint statement of the case to be read to the jury at trial. The joint statement of the case shall be filed **not later than August 11, 2025**. If the parties are unable to agree to a joint filing, the parties may submit separate filings not later than August 11, 2025.

**20. SEPARATE TRIAL OF ISSUES**

There will be no separate trial of issues.

**21. IMPARTIAL EXPERTS – LIMITATION OF EXPERTS**

Plaintiffs state they may move for the appointment of an impartial expert on issues of extreme heat on vulnerable subpopulations. The City states no expert witnesses may be called by either party because the opportunity for expert discovery has closed. Lacking a formal request, the Court will not appoint an impartial expert witness at this time.

**22. ATTORNEYS' FEES**

If Plaintiffs prevail, they will seek attorney's fees. The City will not seek attorney's fees.

**23. TRIAL EXHIBITS AND TRIAL PROTECTIVE ORDER**

Neither party requests a trial protective order. Plaintiffs state they may need special handling of trial exhibits. Plaintiffs are directed to inform the Court what special handling is requested no later than **August 4, 2025.**

///

### 24. MISCELLANEOUS

The City asks Plaintiffs to dismiss this action. In response, Plaintiffs argue the City's statement is improper and should have been brought in a motion to dismiss prior to the dispositive motion deadline. The Court will not entertain such arguments absent a properly noticed motion, such as a motion under Federal Rule of Civil Procedure 50.

### 25. PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM

A.      Jury Instructions

The parties shall use the Ninth Circuit Model Jury Instructions and any revisions. Alternate instruction or authority may only be used if a Ninth Circuit Model Jury Instruction is unavailable. All instructions shall be, to the extent possible, concise, understandable, and free from argument. *See* Local Rule 163(c). **Parties shall also note that any modifications of instructions from statutory authority, case law or from any form of pattern instructions must specifically state the modification by underlining additions and bracketing deletions.** Pursuant to Local Rule 163, jury instructions shall be filed with the Court **no later than August 11, 2025.**

If the parties are unable to agree to a joint filing, the parties may submit separate filings.

B.      Verdict Form

The parties must file a joint verdict form(s) concurrently with proposed jury instructions **no later than August 11, 2025**. If necessary, a special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired. *See* Local Rule 163(e).

If the parties are unable to agree to a joint filing, the parties may submit separate filings.

C.      Voir Dire

The parties shall submit proposed voir dire questions to the Court. The Court reserves the right to conduct all examination of prospective jurors. Pursuant to Local Rule 162.1, the voir dire questions shall be filed with the Court **no later than August 11, 2025**.

If the parties are unable to agree to a joint filing, the parties may submit separate filings.

### 26. AUDIO/VISUAL EQUIPMENT

The parties are required to notify the Courtroom Deputy Clerk, Michele Krueger, **twenty-one (21) days before trial**, if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence. There will be one date and time for such orientation.

### 27. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **fourteen (14) days** from the entry of this Final Pretrial Order to object to any part of the order or to request augmentation to it. A Final Pretrial Order will be modified only upon a showing of manifest injustice. If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

**Date: June 16, 2025**

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE